# Hoak *against* Hoak.

One of several plaintiffs can be made a competent witness only by an assignment of all his interest, and an actual and unconditional payment of all the costs which have accrued, and a deposit of a sum of money, sufficient, in the opinion of the court, to pay all the costs that shall subsequently accrue, to be appropriated to their payment in any event of the cause.

Testator directed, in relation to his children, as follows: "each, however, to be charged in the distribution with what I have given them, or shall have given them, at the time of my death, and with which I have charged them in my book and in my foregoing will." In an issue to try the truth and validity of certain alleged entries of advancements by the testator, *held*, that such entries were not conclusive, and that it was competent to inquire of a witness who had made entries in the book, whether sums charged therein against some of the children, had been actually advanced. Proof of the testator's admissions that the charges were excessive, is also admissible.

Upon the trial of an issue which affects a trust fund, the *cestui que trust* is not made a competent witness by an absolute assignment by the trustee to a third person, without sufficient consideration.

ERROR to the common pleas of *Lebanon* county.

This was a feigned issue, directed by the orphans' court to the common pleas of Lebanon county, in which Jacob Hoak and others were plaintiffs, and Michael Hoak and others were defendants. In this court the form of the issue did not appear, but it was, in substance, to ascertain the truth and validity of certain entries, in a book, purporting to have been the entries of advancements made by George Hoak deceased, to his children, and referred to in his will.

The plaintiffs' counsel offered Jacob Hoak, one of the plaintiffs, as a witness, he having previously assigned all his interest in the estate to Jacob B. Weidman, Esq. Defendant objected on the ground of his liability for costs. The plaintiffs then paid into court 50 dollars to cover all costs that had or might accrue, and agreed to pay any costs beyond that sum, if any greater amount should accrue. The court then overruled the objection to the competency of the witness, and sealed a bill of exceptions.

After the examination of the witness in chief, the defendants proposed to ask the witness "Whether the 600 pounds charged respectively to George, Michael and Margaret, were actually given, paid or advanced by the testator to them, or only 400 pounds to each of them," in order to show that the charges were made without any gift or actual advancement of money beyond the 400 pounds, and therefore not charged within the meaning of the will, which was in these words: "Each, however, to be charged in the distribution with

[*Hoak v. Hoak.*]

what I have given them or shall have given them at the time of my death, and with which I have charged them in my book, and in my foregoing will and testament."

This evidence was objected to on the ground of its being irrelevant, because the charges in the testator's book were conclusive. The court sustained the objection, and the defendants excepted.

The plaintiffs then offered Christina Kreider as a witness : she was a grand-daughter of, and whose mother survived, the testator : her father, still living, had assigned all his interest in the estate of the testator to John Smith, in trust for his children, and, in order to make this one a competent witness, John Smith made an absolute assignment to Henry Strohm. The court then overruled the objection to the competency of the witness, and the defendants excepted.

The several exceptions were the subjects of the assignments of error.

*Pearson* and *M'Cormick*, for plaintiff in error.
*Weidman*, for defendant in error.

The opinion of the Court was delivered by

KENNEDY, J.—The defendants in error were the plaintiffs below; and the first error assigned is, that the court admitted Jacob Hoak, one of the plaintiffs below, to testify as a witness on their behalf. This was done after Jacob Hoak had executed an assignment of all his interest under the will of George Hoak, the decedent, to Jacob Weidman, Esq.; and after Henry Strohm and Jacob Becker had deposited 50 dollars to cover all costs due, or that might accrue; and a relinquishment of all claim by the plaintiffs below to costs, connected with an agreement on their part to pay any costs beyond the 50. dollars that might accrue thereafter. In this we think there was error; for according to the rule established in this behalf, nothing short of an actual payment of all the costs that have accrued in the action, and a deposit of a sum of money sufficient in the opinion of the court to pay all the costs that shall be incurred subsequently, and to be appropriated to that end, let the suit be determined as it may, either for or against the side offering the witness, will render him competent. The promise of the plaintiffs below to pay any costs that might accrue beyond the 50 dollars, was not in accordance with either the letter or the spirit of the rule, and ought not to have been accepted by the court. The defendants below were entitled to have a deposit of money made, sufficient in in amount to meet the payment of the whole of the costs that might subsequently be incurred in any event whatever. It is, perhaps, rather to be regretted, that the rule of the English common law in this respect, was ever departed from here: because there is certainly reason to apprehend that injustice is done in many, if not in most cases, by admitting a plaintiff, on record, who has had a real interest

v.—L

in the cause, after he has made an assignment thereof to some friend, to become a witness to establish and support it. The practice ought not to be countenanced or encouraged; and the door ought rather to be closed, than opened wider than it has been by the rule laid down above, and recognised in several cases as being settled by this court.

We also think that the court below erred in not permitting the counsel of the defendants below, in their cross examination of Jacob Hoak, after he had been examined in chief by the the opposite counsel, to ask him whether the 600 pounds charged by him in the testator's book against George, Michael and Margaret, respectively, three of the defendants below, were actually paid or advanced to each of them by the testator; or whether any more than 400 pounds of the 600 pounds so charged were ever actually advanced or paid to them. It has been argued that an answer to this question could not have elicited any thing material to the issue joined here between the parties. For it is said that the only fact to be determined by it was, whether or not the charges made in the testator's book by Jacob, the witness, were made by the direction and under the authority of his father the testator. If this was the only matter intended to be ascertained by the issue, it was certainly greatly short of what was requisite in order to meet the terms of the will, which directed the legatees to be charged, in the distribution of the testator's estate, with what he had given them up to the time of his death, and had charged them with in his book and his will. The words of the will in relation to this are, " each, however, to be charged in the distribution with what I have given them, or shall have given them at the time of my death, and with which I have charged them in my book and in my foregoing will and testament." Now it is abundantly clear, from this clause, that the testator never thought of charging his children, whom he made his legatees, with what he had never given to them, but intended merely to charge them, severally, with that which he had given, or thereafter should actually advance and give to each. It is also manifest that he directed this to be done for the purpose of making them equal participants in his estate, by taking into the account as well what he had he given them in his lifetime, as what he should leave them at his death. It must be observed that he does not direct that they shall be charged with what he had given *or* charged in his book, which possibly might have afforded some pretence for making the charge sufficient without the gift; but he has directed that each shall be charged with what he had given to him or should thereafter give, *and* charge in his book; thus coupling the gift or actual advancement of the thing, with the charge, by the conjunction *and*, and making most clearly, as it were, the former the only ground and warrant for the latter, so that the latter cannot exist without the former. Hence the charge in the book goes for nothing if it be shown to be untrue; or that the subject matter of it had not been actually given or advanced to the party charged with it.

[Hoak v. Hoak.]

It was, therefore, quite as material to ascertain whether the charges were true or not, as it was to ascertain whether they had been made by the testator himself or by his authority.

The third error is an exception to the admission of Christina Kreider as a witness on behalf of the plaintiffs below. She was one of the children of Martin Kreider by his wife, who was one of the daughters of the testator, to whom he left, with his other children, an equal portion of his estate by his will. Martin Kreider, being entitled to his wife's interest under the will, and she having died some time after the testator, in order that her children by him might have the exclusive benefit of it, made an assignment of it, by deed, to John Smith in trust, to be held by him for the use and benefit of the children of the assignor by his deceased wife. Smith, the trustee, afterwards, and before the trial of the issue, but most likely with a view to meet the exigency, that there seems to have been for testimony on the part of the plaintiffs below, by his deed undertook to assign and convey all the interest or estate which he held in trust for the witness, to Henry Strohm. It does not appear that this latter assignment was made by Smith upon any adequate consideration, that is, for a sum of money equal at least to the value of the fund assigned by him; and hence Strohm may be but a mere trustee still holding the interest, so assigned to him, for the use and benefit of the witness. It seems that this trust interest or estate, when assigned, consisted altogether of money, and I take it that this being the case, Smith could not divest the witness of her right in equity to it, excepting by a transfer of it for an equal sum of money either paid to him, or secured beyond all doubt to be paid, with interest thereon within a reasonable time. But nothing of this kind having been shown, we think Christina Kreider, notwithstanding the assignment of Smith to Strohm, was still interested in that portion of the estate of the testator transferred by her father to Smith, and being adduced as a witness for the purpose of increasing it, she was therefore incompetent, and the court erred in admitting her.

As to the fourth error, which is the only remaining one, it will be readily perceived from what has been said in respect to the second error, that the court ought to have admitted the evidence mentioned in the fourth error, and that they erred in rejecting it. It consisted of the declarations or admissions of the testator himself, going to show that the charges in his book against the defendants, or at least some of them, were greater in amount than they ought to be. That instead of being 600 pounds each, as charged, they ought only to have been 400 pounds. If the fact were really so, it was not only just but important for the defendants below that it should be made to appear; and for this purpose better evidence than the admissions or declarations of the testator could not well have been found or required.

Judgment reversed, and *venire de novo* awarded.