Judge Marshall
delivered the Opinion of the Court.
This bill was filed by a part of the heirs of Joseph Powell, for the purpose of enjoining the children and heirs of Vincent Powell, who in right of their father are also heirs of Joseph Powell, from claiming any portion of the land, slaves or personalty of the estate of said Joseph, unless, they bring into hotchpot one hundred acres of land and certain articles of personal property, alleged to have been received by said Vincent, from his father, Joseph Powell, by way of advancement. The heirs of Vincent Powell deny that their father received any of the property by way of advancement; and allege that whatever he received from his father, was obtained by purchase, and for a valuable consideration paid; and pray that there may be a division and distribution of the estate of Joseph Powell, and that they may receive their father’s portion, being one seventh part. For which purpose, they make their answer a cross bill, making the administrators and other heirs of Joseph Powell parties.
It appears that Joseph Powell owned two hundred and sixty acres of land in a body, of which he conveyed one hundred acres, of equal average value with the rest, to Vincent Powell, by deed bearing date in 1815, and expressing the consideration of five hundred dollars paid *169 by the grantee—leaving one hundred and sixty acres, which was all he owned at that time, or afterwards. The heirs of Vincent Powell insist that, the consideration stated in the deed, proves that the land was sold, and not given; and much parol testimony is taken upon one side and the other of this question. It was also proved, that some personal property had been received by Vincent Powell, from his father.
An injunction against a claim to a portion decedent’s estate, by heirs who refuse to come into hotchpot, is unnecessary: a decree excluding them, or dismissing their bill asserting the claim, would be an effectual bar. A bill for an injunction merely, presents no ground for the interposition of the ch'r; granting or perpetuating an injunction in such case, however, would not be a material error—for which the decree might be re-reversed.
The Circuit Court was of opinion, that the whole, or some portion of the land or personalty, had been received by way of advancement, and the same not having been brought into hotchpot, or accounted for by the heirs of Vincent Powell, but an equal division of the residue claimed, their cross bill was dismissed, and their claim as heirs and distributees, perpetually enjoined, as prayed in the original bill. To reverse this decree, they prosecute a writ of error.
There was no necessity for an injunction against the claim of the children of Vincent Powell, and considering that as the principal object of the original bill, it does not, in our opinion, present any proper ground for the interposition of the Chancellor. If the bill be understood as praying for a division of the estate of which Joseph Powell died possessed, and that the children of Vincent Powell should be excluded from the division unless they brought in the advancements made to their father, they would, of course, have been excluded if any such advancements had been proved, and if they had refused to bring them in; and the decree of exclusion would have been a perpetual bar to their claim. The dismissal of their cross bill praying to be allowed a share of the estate descended, would have had the same effect. And, as the case stood, the perpetual injunction against their claim was mere supererogation. If, however, it was proper to dismiss their cross bill, the perpetual injunction against their claim constitutes no ground of serious complaint.
We shall, therefore, consider the case as if it stood merely upon the cross bill and the prayer of the children of Vincent Powell to be let in to a share of the estate descended, which is resisted, on tho ground that *170 their father had received advancements, which they fail and refuse to account for in the division. The first question is—were there any such advancements as are alleged? With regard to the personal property, we are of opinion that it was received in consideration of the services rendered by the son, for several years after he arrived at full age, in cultivating the farm and attending to the business of his father, and that none of it can properly be considered as given by way of advancement.
The recitals in a deed—so far as its effect and operation, the responsibilities and obligations arising under it, come in question, are conclusive as to the value of the consideration—not as to its nature or quality.
A recital in a deed of land front a father to a son, that it was made in consideration of a certain sum paid, is not conclusive evidence that it was made upon an actual sale, and not as an advancement; if the latter, it was, nevertheless, upon a valuable consideration, and the recital may have been intended to fix the amount of the advancement: that it was for an advancement, may, therefore, be proved by parol; especially, when the object is to rebut a claim of the grantee, as heir, to an equal division of the grantor’s estate.
With regard to the land, the principal question is, whether the recital of a consideration in the deed should be deemed conclusive evidence that it was an actual sale, for money or property, paid or to be paid, and that it was not wholly or in part an advancement.
There is no doubt that, so far as the effect and operation of the deed, and the responsibilities and obligations arising from it, may come in question, either at law or in equity, the recital is conclusive as to the value of the consideration. But even at law, its nature or quality is not concluded by its being expressed as so much money in the deed. The question here is not, however, as to the-operation of the deed, or the responsibility or obligation arising upon it, but as to the intention of the parties. And as the expression of a moneyed consideration may have been adopted for the mere purpose of showing the estimated value of the land, and fixing the responsibilities of the parties accordingly, without any money or property paid or to be paid by the grantee — we are of-opinion that it should not be deemed conclusive evidence beyond that purpose, and especially in the present contest, where the acceptance of the land, as an advancement, at the estimated value, must itself be considered a valuable consideration, inasmuch as, to that extent, it deprives the grantee and his heirs of the interest which they would otherwise have in the estate descended from their ancestor. Moreover, if the conveyance was made and accepted as an advancement, the same effect being intended by the parties and fixed by the law, may be regarded as constituting the acceptance of the advancement by the grantee, a valuable consideration as between the parties, to the extent of the value placed by *171 them upon the advancement. In this view of the subject, it would seem that the intention of conveying the land by way of advancement, is not necessarily inconsistent with the expression of a fixed consideration, and that it may, therefore, be proved by parol. And even if the admissibility of such proof cannot properly be" sustained on this ground, we think it should be admitted to rebut the equity of the heirs of the grantee, who now claim an equal division of the remaining estate of the deceased grantor.
A deed from father to son, for 100 acres, purports to be made in consideration of §500 paid.—There is proof conducing to show that it was made as an advancement to the son; but proof also, that he actually paid §300 to, or for, the father, on account of it: held that, the $500 must be taken as the value of the 100 acres,and, so far as the payments go, the land must be considered as sold and paid for; the residue (40 acres,) must be deemed an advancement to the son — in land; which his heirs must bring into hotchpot, to entitle them to come in for a portion of the grantor’s estate.
We proceed then to a consideration of the parol proof in regard to the intention of the parties, in making and accepting the conveyance. This consists principally of the declarations of the grantor, before and after the date of the deed, and of the grantee after that period, and, also, of some proof going to show an actual payment of money by the grantee, towards the discharge of the original price of the land, which was purchased by the father with the intention of conveying it to the son. None of this evidence having been objected to, we shall consider it all as competent.
The declarations of the father, as proved, seem not always to have been uniform, importing sometimes that the land was a gift, and at others, that it was, in part at least, paid for by the son, who, so far as his declarations are proved, appears generally to have spoken of it as given to him by his father. The most rational deduction from these declarations, and from other facts proved in the cause, and that which is most consistent with the general tenor of the proof, is, that the land was intended in part as a gift or advancement, and that it was in part paid for by the son. The extent of payments proved may fairly be set down at three hundred dollars— the greater pact, if not the whole, of which, seems to have gone towards the payment of the purchase money due from the father for the land. And as five hundred dollars was the price fixed upon the hundred acres, in the conveyance to the son, he must be considered as having paid for three fifths, or sixty acres, of the tract, and forty acres must be considered as land given to him by way of advancement.
The fact that certain co-heirs had refused to bring the land descended father into hotchpot, alleging (as they well might, from the recitals in the deed,) that it was a purchase by him, is not a sufficient reason for excluding them in the division.
Being infants, it is the duty of the court to protect them; and if it will be for their interest to bring in the advancement, and have a share in the division, the court should so order it; if more for their interest, permit them to retain the advancement, and exclude them from the division.
From this view of the evidence, it is apparent that, if we are incorrect in the opinion that parol proof is admissible to show that the land was in whole or in part intended and received as an advancement, and if the deed is conclusive evidence that the price of five hundred dollars was to be paid for it, still as parol evidence is certainly admissible to show the extent of payments actually made, and as, upon the evidence adduced, it appears that only three hundred dollars have been paid, a part of the consideration, equal to two fifths of the value of the hundred acres remains unpaid, and should be brought into the account and division, either as money or land; and we should think, under the circumstances of this case, that it should be regarded as land.
It is undoubtedly true, that the heirs of Vincent Powell must account for and bring in this advancement, in order to entitle themselves to a share of the estate descended. But we do not consider their refusal to bring in the entire tract of one hundred acres, as a sufficient ground to exclude them from any interest in the remaining estate. Nor, under the circumstances of the case, do we consider their failure to ascertain the exact amount of the advancement, and to offer to bring it in to the division as a proper ground for their exclusion. The deed was certainly prima facie evidence that no part of the land was given as an advancement, and as it does not appear that they had any particular knowledge to the contrary, their reliance upon the deed as evidence of a purchase, should not have the effect of forfeiting their interest as heirs and distributees of Joseph Powell, and, especially, as they are infants whose interest the chancellor should protect. But upon ascertaining the amount of the advancement, and the principle on which it should be brought into the division, if the Court should be of opinion, as will probably be the case, that it will be advantageous to the infant heirs of Vincent Powell, to bring the advancement to their father into the division, a division should be decreed accordingly, including the advancement, and if such a proceeding would be disadvantageous to them, their cross bill should be dismissed—as being infants, the Court ought to elect for them.
One heir having received, as an advancement, more in land, at its value when given, than his share, the others are entitled to as much more of the other property-slaves first, then personalty, as will make an equal division of the whole estate, among all the heirs.
The forty acres of land received by Vincent Bowell, being of equal average value with the hundred and sixty acres descended, we are of opinion that, if the children of Vincent Powell should come into the division, as they may be expected to do upon the principles now settled, so much of the forty acres as is equal (comparing quantity and quality,) to one sixth of the hundred and sixty acres, shall be considered as their equal share of the land, in right of their father; and the residue of the forty acres, being so much more land than they are entitled to, as heirs of Joseph Powell, its value at the date of the conveyance to their father, should be made up to each of the other heirs of Joseph Powell—first in the division of the slaves, if it may be so done, and if not, then in the distribution of the personal estate: the division and distribution in other respects to be made as in other cases.
The decree of the Circuit Court being wholly inconsistent with this opinion, is therefore reversed, and the cause is remanded for further proceedings as directed herein.