(Decided Oct. 9th, 1863.)

JAMES CECIL *vs*. OWEN CECIL, ET AL.

EVIDENCE: ADVANCEMENT.—The presumption of an advancement may be rebutted by proof of a contrary intention on the part of the donor, gathered from parole evidence of his declarations made at the time of the gift, or by proof of facts and circumstances from which the intention may be inferred.

APPEAL from the Orphans' Court of Baltimore City :

This is an appeal from a judgment of the Orphans' Court of Baltimore City, in favor of the appellees in the matter of a petition filed in said Court by the appellant. The case is stated in the opinion of the Court.

The cause was argued before BARTOL, GOLDSBOROUGH and COCHRAN, J.

20      v. 20.

*A. H. Hobbs,* for the appellant, argued :

That the money and negroes delivered to Mrs. Harrington and Mrs. Hooper, as stated in the pleadings, and proved by the witnesses, are *advancements;* that the delivery of money, personal effects or other property by a father to his child or presumptive heir, is *per se* an advancement; that in the absence of proof to the contrary, the *law construes and nominates the act;* this *presumption is evidence* of the *donor's intention.*

1. *Sidmouth vs. Sidmouth,* 2 *Bevan,* 454. 4 *Bouvier's Institutes,* 243, sec. 3957. *Stewart, et al. vs. Pattison,* 8 *Gill,* 46 and 55. *Wilson, et al. vs. Jameson,* 3 *G. & J.,* 447. *Hogsden vs. Burch,* 9 *Gill,* 79. 2 *Story's Eq.,* sec. 1202 1203. 4 *Kent Comm., mar. p.* 418. *Grattan vs. Grattan, et al.,* 18 *Illinois R.,* 167. *Mitchell vs. Mitchell's Admr.,* 8 *Ala. R.,* 420. *Smith vs. Smith,* 21 *Ala., R.,* 764. *Cecil vs. Cecil, et al.,* 19 *Md. Rep.,* 72. *Parks vs. Parks,* 19 *Md. Rep.,* 323.

2. As a gift is an advancement (see *Bouvier's Law Dictionary* and *Yundt's Appeal,* 1 *Harris Pa. R.,* 580) by *legal presumption,* it can only "be rebutted by evidence manifesting a clear intention" to the contrary. 2 *Story's Eq.,* sec. 1203.

3. As to the effect of the conflicting oral testimony, see *Smith's Ex'r vs. Morgan,* 8 *Gill* 37, 39 and 40. *Gibbs vs. Gale,* 7 *Md. Rep.,* 87.

*Thomas Donaldson,* for the appellees :

I. The money given in this case was plainly "given without a view to a portion, or settlement in life," and therefore cannot be deemed an advancement. The evidence clearly shows, that a gift was intended, and that the testator never intended, to charge the appellees the amount paid them; and the *intention* of the intestate is the true test for ascertaining whether the money was a gift or an advancement. *Dunlop's Pa. Law,* 580. *Lauman's Appeal,*

23 *Pa. Rep.*, 85.    *Youngblood vs. Norton,* 1 *Strobh. Eq.*, 122.    *Stewart vs. Pattison,* 8 *Gill,* 46.

II. In this case the evidence shows that the sole question was this: Was the money delivered to the appellees, a deposite with them in trust for the intestate, or was it *a gift* to the appellees? If the former, then it is a *debt* due to the estate by the appellee. In no case, even under the evidence of the appellants, can it be considered *an advancement.*

III. Although daughters living with a parent are bound to perform all such duties as were performed by the appellees for their father, yet the parent may in such a case reward such services by substantial marks of his bounty; and when it is shown that such services have been performed, and that the parent expressed his intention to reward them by bestowing money or other property, the presumption that advancements were intended is effectually rebutted. *Murrell vs. Murrell,* 2 *Strobh. Eq.*, 151.

IV. Where there is conflict of testimony, in such cases as the present, the greater weight is given to that which proves the intention of a gift to the child, either as opposed to a loan or an advancement. *Phillips vs. Chappell,* 16 *Ga. Rep.*, 16. *Smith vs. Smith,* 21 *Ala., Rep.*, 763. *Johnson vs. Belden,* 20 *Conn.*, 323.

V. The Court of Appeals will not reverse a decision of the Orphans' Court, on account of conflicting oral testimony, as the Court below is much better able to determine the relative weight of such testimony.

GOLDSBOROUGH, J., delivered the opinion of this Court:

The appeal in this case was taken from a judgment of the Orphans' Court for Baltimore City, upon the petition of the appellants, in which he alleges that the appellees had received from his and their father William Cecil, deceased, the money and other property mentioned in the petition.

The appellant insists, that the same was received by the

respective parties by way of advancement, and that they should be compelled to bring this money and property into hotch-pot before their distributive share in the personal estate of their father was assigned to them. The answer of the appellees, Owen Cecil and William Cecil, expressly denies that they received any money of their father as alleged in the petition.

The allegation as to these parties being sustained by no evidence whatever, we have no hesitancy in sustaining the judgment of the Orphans' Court as to them.

Mrs. Harrington and Mrs. Hooper having admitted by their answer, that they had received the money and property charged in the petition; the sole question for us to decide is, whether the money and property was bestowed upon these appellees as an absolute gift or by way of advancement.

In the case of *Parks vs. Parks*, 19 *Md. Rep.*, 323, the question of advancement came under the consideration of this Court. In that case, the doctrine is recognized and sustained by the authorities cited, that the intention of the donor may be ascertained by parol evidence of the donor's declarations made at the time of the gift, or by the donee's admissions afterwards, or by proof of facts and circumstances from which the intention may be inferred.

The same decision holds, that in the absence of such evidence to indicate the intended character of the property conveyed, the law raises the presumption of an advancement from the relation of the parties as most favorable to equal distribution. In looking then to the intention of the donor in this case, as deduced from the evidence, we think it clear, that the property and money bestowed upon the appellees, Mrs. Harrington and Mrs. Hooper, was an absolute gift and not an advancement. The presumption of an advancement is rebutted by the unequivocal declarations of the father. He assigns a reason which to himself was peculiarly operative and meritorious, the tenderness and devotion of his daughters in his increasing infirmities.

He never disturbs or takes any control over the funds bestowed upon his daughters which were in the hands of Mr. Levin Jones, while he kept other funds in the same hands separate and distinct, and which so remained until Mr. Cecil's death.

His negative declarations as to his other children equally demonstrate his intention to give to his daughters absolutely, the property in controversy. Upon a review of the whole case, we are of opinion that the judgment of the Orphans' Court was correct and must be affirmed.

*Judgment affirmed with cost to appellees.*

(Decided Oct. 9th, 1863.)