JOSEPH G. HOKAMP, Executor of CONRAD HAGA-
MAN, *vs.* MARGARET HAGAMAN. MARGARET
HAGAMAN *vs.* JOSEPH G. HOKAMP, Executor
of CONRAD HAGAMAN.

*Jurisdiction of the Orphans' Court—Effect of a Di-
vorce a mensa et thoro—Husband and Wife.*

By a decree of the Circuit Court for Howard County, divorcing Con-
rad and Margaret Hagaman *a mensa et thoro,* it was also decreed, in
accordance with an agreement of the parties through their solicitors,
that Conrad should pay his wife the sum of $1,676, which should be in
full of all arrears for counsel fees and alimony, and should free him
from any obligation to contribute to her support in the future, and
should release all claim on her part for dower and thirds in any prop-
erty or estate, then held, or which might thereafter be acquired by
him. This sum was paid by the husband. The parties afterward
became reconciled and lived together as man and wife nearly two
years, and were recognized as such. They separated again, and again
lived together as man and wife for a short time. Conrad died, leaving
a last will, by which he undertook to dispose of all of his property,
leaving nothing to his wife, who survived him. He never had a child,
and left no parent, or brother or sister, or child of a brother or sister.
On the petition to the Orphans' Court by the widow, claiming the
whole of the personal estate of her deceased husband, after payment of
debts, it was HELD:

1st. That the Orphans' Court, notwithstanding the decree of the Circuit
Court divorcing the parties *a mensa et thoro,* with the accompanying
terms, had authority to supervise the distribution of the estate of the
testator among the parties entitled thereto.

2nd. That the decree of the Circuit Court did not dissolve the relation of
husband and wife, and could not deprive the widow of her dower or of
a reasonable part of the personal estate of her husband, and as he left
no child, she was entitled, according to the principles of the common
law, to one-half of his personal estate after payment of debts and
funeral charges.

CROSS APPEALS from the Orphans' Court of Howard
County.

The facts of the case are sufficiently stated in the opinion
of the Court.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, GRASON, MILLER and ALVEY, J.

*John H. B. Latrobe, Jr.,* and *John S. Tyson,* for Joseph G. Hokamp, Executor.

The Orphans' Court has no jurisdiction to decide the validity or invalidity of the bequests under a will. *State, use of Trustees of M. E. Church vs. Warren, et al.,* 28 *Md.,* 355; *Schull vs. Murray, &c.,* 32 *Md.,* 15.

There can be no doubt of the authority of the Circuit Court to pass such a decree by consent of parties —(*Rogers vs. Rogers,* 4 *Paige,* 516; *Daggett vs. Daggett,* 5 *Paige,* 509,) unless expressly prohibited by statute. *Russell vs. Russell,* 1 *Smith (Indiana,) Rep.* 356.

Whether right or wrong, it is conclusive until reversed on appeal. *Beall vs. Pearre, Adm'r,* 12 *Md.,* 550; *Bolgiano vs. Cooke, et al.,* 19 *Md.,* 375; *Groshon vs. Thomas,* 20 *Md.,* 234. And having been passed by consent of parties filed in the cause, it is not subject to appeal. *Williams vs. Williams,* 7 *Gill,* 304.

If not as a *decree,* it was as an *agreement,* binding on the parties. As to the effect of agreements to bar marital rights, see *Ward, et ux. vs. Thompson,* 6 *G. & J.,* 349; *Maurer vs. Naill* 5 *Md.,* 326; *Edelen vs. Edelen,* 11 *Md.,* 422. A wife is bound by her acceptance of a deed from her husband *after* marriage, the condition of which deed was, that she should make no claim to any part of his estate. *Hutchins, et al. vs. Dixon, Ex'r,* 11 *Md.,* 30.

The claimant relies, however, chiefly on the re-cohabitation subsequently to the decree; that fact being presumed, in some way, to have annulled the decree. The effect of a decree of divorce *a mensa et thoro,* is to separate the parties *until they shall be reconciled to each other.* Their re-cohabitation by mutual consent, is therefore in entire accordance with, and not in contravention of the decree.

As the separation did not *per se,* deprive the wife of her legal rights in her husband's estate, neither could the putting

an end. to that separation, *restore* those rights. A decree *alone* can annul a decree.

The $1,676 having been paid, the effect of that payment was not, in any manner, made dependent on the continuance of the separation.

If there had been no divorce, the widow would only be entitled to her reasonable part of the testator's personal estate, viz: *her thirds.*

*Charles Beasten, Jr.,* for Margaret Hagaman.

Two questions are raised by the record in this case :

First. What was the effect of the divorce *a mensa et thoro* and the subsequent reconciliation ? Such a species of divorce authorizes the parties to live apart until they mutually come together; *the marriage remains in full force,* though they are authorized to live separate; and in coming together, no new marriage is required, *" nor are any new proceedings in Court necessary, but the reconciliation of its own force annuls the separation."* 2 *Bishop on Marriage and Divorce, secs.* 228, 726, 727, 728, 729 ; *Dean vs. Richmond,* 5 *Pick.,* 461 ; *Page vs. Estes,* 19 *Pick.,* 269 ; *Kriger vs. Day,* 2 *Pick.,* 317 ; *Clark vs. Clark,* 6 *Watts & Ser.,* 88.

What is the legislative provision on the subject in Maryland ?

The power of the Court to pass any decree with reference to property in suits for divorce *a mensa et thoro,* is derived from the Act of 1841, ch. 262. Code, Art. 16, sec. 26. Before this provision, the wife was compelled to bring a special action for alimony upon a divorce being granted by legislative enactment, or under certain other circumstances, as abandonment or maltreatment.

The decree in this case, taken as a whole, in ordering the payment to the wife, must have regarded such payment in the nature of alimony. *In Crane vs. Meginnis,* 1 *G. & J.,* 474, the Court says that " alimony is treated as a *consequence* drawn from the divorce *a mensa et thoro."* See, also *Dun-*

33 v. 36

nock vs. Dunnock, 3 Md. Ch. Dec., 143; Brown vs. Brown, 5 Gill, 249.

The object of a bill for a divorce a mensa et thoro, is certainly not for the purpose of barring dower or compounding tenancy by the curtesy, and the Court must decree according to the allegations of the bill. Ringgold vs. Ringgold, 1 H. & G., 11.

The first admission of the answer under oath, " that Margaret Hagaman is the widow of Conrad Hagaman," is in accordance with the facts, and notwithstanding the divorce a mensa et thoro, even had it remained unrevoked, is supported by the authorities. She is his widow still, and entitled to her legal share. Davies' Case, 2 Curteis, 628, 7 Ecclesialstical Rep., 233; Nusz vs. Grove, 27 Md., 401.

A decree of this nature, undertaking to go further and release dower, would not then be binding, even if the wife outlived the husband in a state of separation with the decree in full force. The only possibility of its being sustained, would be in regarding it in the light of alimony, which would cease, as in this case, at the moment of reconciliation. Wallingsford vs. Wallingsford, 6 H. & J., 485.

If the language of the decree was simply a provision in the nature of alimony under the statute, terminating with reconciliation, or if the pecuniary provision for the wife was an incident to the decree as decided in Crane vs. Meginnis, and Dunnock vs. Dunnock, and falling with it, then the widow is entitled to her legal share.

If on the other hand, the Circuit Court of Howard County, in granting the divorce a mensa et thoro, undertook to do more than the statute provides, and to bar the widow's dower and legal share, then she is entitled still, for the decree is void and binds no one. Dean vs. Richmond, 5 Pick., 461.

And further, it is founded upon " an agreement of counsel, and assented to by the parties," and all, attorneys and principals, were incapable of entering into any such arrangement

under the Maryland decisions. *Wallingsford vs. Wallingsford*, 6 *H. & J.*, 490; *Nusz vs. Grove*, 27 *Md.*, 401.

Notwithstanding the agreement, it does not deprive the wife of her legal share under the statute of distribution. *Slatter vs. Slatter*, 1 *Young & Coll*, (*Ex. R.*) 28; *Stamper vs. Barker*, 5 *Maddock's Ch. R.*, 104; *Note to Purdew vs. Jackson*, 1 *Russ. Ch., R.*, 70.

And which ever view be taken of the decree, it was annulled by the reconciliation.

Secondly. To what share then, of the estate of the deceased is the widow entitled? There was no bequest to her; there was nothing for her to renounce; it is a case of intestacy with respect to the widow, and she is entitled to her legal share under the statute of distribution.

In cases like these, Courts have always sought to establish some uniform rule by which to determine the widow's reasonable part. And the Maryland decisions have fixed an invariable standard, where husbands have undertaken by will to deprive widows of their legal share, by regarding them in every instance as intestates with respect to the widow's share; and they have determined that the *reasonable part* in such cases is determined by the statute of distribution, as in cases of intestacy. *Griffith vs. Griffith's Exr's*, 4 *H. & McH.* 101; *Coomes vs. Clements*, 4 *H. & J.*, 480; *Duvall vs. The Farmers' Bank*, 4 *G. & J.*, 282; *Collins vs. Carman*, 5 *Md.*, 503.

And that the husband cannot deprive by will, his widow of her legal share, is a well established principle, also recognized in *Hays vs. Henry*, 1 *Md. Ch. Dec.*, 337; *Dunnock vs. Dunnock*, 3 *Md. Ch. Dec.*, 140; *William vs. Kelly*, 5 *H. & J.*, 59; *State, use of Gaither vs. Gaither*, 11 *G. & J.*, 160; *Dugan vs. Hollins*, 11 *Md.*, 42.

The decree of divorce *a mensa et thoro*, and the clause referring to the property, a mere incident thereto, was wiped out by the reconciliation, when the parties stood in the same relation as regards both person and property, as if they had never been married until that moment, or as if the pro-

ceedings for divorce *a mensa et thoro*, had never been instituted. And the same course of reasoning, which in the above cases gave to the widow one-third, or one-half as it so happened, would in this case give her the whole; the provisions of the statute of distribution authorizing such an order being fulfilled.

STEWART, J., delivered the opinion of the Court.

Conrad and Margaret Hagaman were duly married, and lived together as husband and wife for a long time.

In June, 1867, a decree was passed by the Circuit Court for Howard county, divorcing them *a mensa et thoro;* and it was further decreed, in accordance with an agreement of the parties, through their solicitors, that Hagaman pay to his wife the sum of $1,676, in full of all arrears for counsel fees and alimony, which shall also free him from any obligation to contribute to her support in the future, and release all claims of his wife for dower and thirds in any property now held, or hereafter acquired by him. This sum was paid by the husband.

The parties, in August, 1867, became reconciled, and lived together as man and wife until March, 1869—the husband holding her out to the world as his wife; and as such they were known and recognized. They separated again for a time. In the month of June, 1870, they lived together as husband and wife for a while.

Hagaman departed this life, after having duly executed his last will and testament. He never had any child, and left no parent, brother or sister. His widow, Margaret, survived him. He made no devise or bequest of any of his property to her, and she claimed the whole of his personal estate, after payment of debts and funeral expenses.

The devisees and legatees in the will insist that she has no valid claim to any part of his estate.

The Orphans' Court of Howard county, on the 26th of September, 1871, decreed that the executor of Hagaman

allow, in his administration account, the one-half of his per-
sonal estate, after payment of debts and funeral charges, to his
widow.   From this decree both the executor and the widow
have appealed.

Two questions have been made:  1st. Has the Orphans'
Court authority, since the decree of the Circuit Court, divorc-
ing the parties *a mensa et thoro*, with the accompanying terms,
to take cognizance of the case?   2d.  If the widow is not
barred of her rights by the decree, what portion of the estate
of her husband, if any, is she entitled to, under the circum-
stances?

There is no doubt that, under the 26th section of Article
16 of the Code, the Circuit Court for Howard county, as a
Court of Equity, had the power to decree the divorce *a mensa
et thoro* of the parties; and that section also authorizes the
Court "to award to the wife the property held by her, when
married, or its value, or of such part as may have been sold or
converted by the husband, or such part as the Court deemed
reasonable."   They possessed authority before such enactment
to allow alimony.

This decree of the Circuit Court for Howard county did not
dissolve the relation of husband and wife, nor could it deprive
the widow of her dower, or reasonable part of the personal
estate of her husband.   2 *Bishop on Mar. and Div.*, sec. 730.
.It merely operated to legalize their separation, and made pro-
vision for the wife so long as the separation should continue.
Upon the death of either, or upon their mutual consent to
live together again as husband and wife, that is, upon their
reconciliation, the provision ceased.   *Wallingsford vs. Wal-
lingsford*, 6 *H. & J.*, 488; see also *Barrére vs. Barrére*, 4
*John. Ch. Rep.*, 187.

That decree cannot be construed to bar the wife of her
rights, as a widow, to dower, or reasonable portion of her
husband's estate, or to deprive the Orphans' Court of its
unquestionable authority to supervise the distribution of the
estate amongst the parties entitled thereto.   The decree can
have no such legal effect.

Although the Orphans' Court is a Court of limited juris-diction, and denied the exercise of any power not conferred by law, yet its authority is ample and sufficient to adjudicate upon the matter brought before it in this case.    *Code, Article* 93, *secs.* 230, 231.

The testator having, by his will, made no provision for his wife, by devise or bequest, there was no occasion for any re-nunciation upon her part; and the 285th section of the 93d Article of the Code, authorizing distribution to the widow, (where there is a will, devising or bequeathing to her any thing, upon her renunciation of the will,) of one-third of the estate, has no application to this case.    Nor does section 120 of Article 93 and the other sections, in regard to the distribu-tion of estates of intestates, apply to a case like this, where there is a will disposing of the property of the testator.

Hagaman having left no child, and his wife surviving him, she is entitled, according to the principles of the common law, as settled by the cases of *Griffith vs. Griffith's Ex'rs*, 4 *H. & McH.*, 101, and *Coomes vs. Clements*, 4 *H. & J.*, 480, to the one-half of his personal estate; and that portion was prop-erly allowed by the decree of the Orphans' Court, to be paid by the executor.

*Decree and Order affirmed.*

(Decided 20th June, 1872.)

GRASON and MILLER, J., dissented.