ANN SOPHIA POLE, by her next friend, GEORGE W.
POLE, *vs.* CHARLES S. SIMMONS and GEORGE W.
POLE, Executors of SOPHIA SIMMONS, and others.

*Jurisdiction of the Orphans' Court under sec. 230 of Art. 93
of the Code—Advancement—Admissibility of Parol Evi-
dence to Explain a Written statement.*

Sec. 230 of Art. 93 of the Code confers full power on the Orphans' Court to
take probate of wills, grant letters testamentary and of administration,
direct the conduct and settling of the accounts of executors and adminis-
trators, superintend the distribution of the estates of intestates, secure the
rights of orphans and legatees, and to administer justice in all matters
relative to the affairs of deceased persons.

Under sec. 230 of Art. 93 of the Code, the Orphans' Court has the authority to
determine what is to be distributed; and this necessarily involves the ques-
tions as to what are assets, and when there is a will, who are the legatees,
and what is given to them by the will.

Having jurisdiction over these matters, the Orphans' Court has the right to
hear and receive evidence in relation thereto; and, if the evidence consist of
written instruments, to examine and construe them, in order that it may
properly apply it to the case before it.

A testatrix, by a paper dated 3rd March, 1866, gave certain sums of money
to her children therein named, and declared that the sums of money thereby
given were "absolute gifts; and in any distribution to be made at my death
of my real and personal estate, in case I should die intestate, must be taken
and considered as absolute gifts and not advancements, and must not be
abated or deducted out of the shares of my said respective children above
mentioned in the distribution of my real and personal estate." After
the execution of this paper, the testatrix gave certain sums of money to
several of her children as advancements. She afterwards made her will,
disposing of her property, and directed that all her children should be
charged interest on all money advanced to them, from the time they received
it up to the time of her death, in order that all might be made equal. On

Pole *vs.* Simmons & Pole, Ex'rs, *et al.*

application by one of the daughters of the testatrix to have the sums given by the paper of March 3rd, 1866, treated as advancements, and taken into account in the distribution of the estate, it was HELD:

1st. That the question of advancement can only arise in cases of total intestacy.

2nd. That the intent of the paper of March 3rd, 1866, was to declare the sums mentioned in it absolute gifts and not advancements.

3rd. That a memorandum of calculations made by her before executing the paper, and the evidence of witnesses, offered to prove this intention, were admissible for that purpose.

4th. That the clause in the will by which interest was to be charged upon advancements, must be held to apply to advancements made by the testatrix after she executed the declaration of March 3rd, 1866.

APPEAL from the Orphans' Court of Frederick County.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, BRENT, GRASON and ROBINSON, J.

*Frederick J. Nelson* and *A. K. Syester*, for the appellant.

*Milton G. Urner* and *H. Kyd Douglas*, for the appellees.

GRASON, J., delivered the opinion of the Court.

A motion to dismiss this appeal was filed by the appellees, but it was abandoned during the argument of the case.

The record shows that Mrs. Sophia Simmons was the mother of the appellant, (wife of George W. Pole,) and of all the appellees except the said George W. Pole, and that on the third day of March, 1866, she made a calculation of the sums of money given to her daughters by their aunts, and taking the amount received by Mrs. Worthington as the basis of the calculation, she executed the paper, contained in the record, and marked Exhibit No. 3, by

which she gave to her children therein named, the sums
of money there mentioned, for the purpose of putting
them upon an equality with Mrs. Worthington. At the
same time her sons executed a release to her of their
claims to a certain proportion of purchase money of lands
in which they had an interest, and which she had sold
and received the proceeds of the sale. After the execution
of the paper of March 3rd, 1866, Mrs. Simmons gave cer-
tain sums of money to several of her children as advance-
ments. She afterwards made a will, disposing of her pro-
perty, and thereby directed that all of her children should
be charged interest on all money, advanced to them by
her, from the time they received it, up to the time of her
death, in order that all might be made equal. She
appointed her son Charles S. Simmons, and her son-in-law
George W. Pole, executors of the will, and shortly after
the execution of the will she died. After the executors
had passed two accounts, Mrs. Pole filed her petition in
the Orphans' Court charging that Mrs. Simmons had, in
her life-time, made certain advancements to several of her
children, that these advancements constituted part of the
assets of the estate, which ought to be accounted for by the
executors, and that the parties who had received the said
several sums, ought to be charged therewith, so as to
accomplish the intent and purpose of the testatrix, that
"all should be made equal," as expressed in her will, and
praying that the second account, passed by the executors,
might be opened and restated, and that the executors
might be required to amend their inventory of assets, so
as to include the said several sums of money. Answers
were filed by the appellees denying that said sums were
advancements, or constituted part of the assets of the
estate, and averring that they were absolute gifts to the
persons to whom they were respectively given. They also
deny that the Orphans' Court had jurisdiction of the
matter. On the 9th day of June, 1875, each party filed

a written statement of their proof, upon which they relied, in addition to the written proof, and on the fifteenth day of June, of the same year, the Orphans' Court dismissed the petition, and from the order of dismissal this appeal is taken.

It was contended that the Orphans' Court had not jurisdiction of this case, because in deciding the questions presented by the petition and answers, it had to construe the language and legal effect of the paper executed by Mrs. Simmons on the third of March, 1866, as well as the release of the same date executed by her sons, also Mrs. Simmons' will, and from them to decide what is an advancement; whether the sums of money given by the Exhibit No. 3, were advancements or absolute gifts, and whether in any event, they were assets of Mrs. Simmons' estate. And it was contended that these are questions which the Orphans' Courts, under the limited jurisdiction conferred upon them by the Code, have no power to decide. Section 230 of Article 93 of the Code confers full power on the Orphans' Court to take probate of wills, grant letters testamentary and of administration, direct the conduct and settling of the accounts of executors and administrators, superintend the distribution of the estates of intestates, secure the rights of orphans and legatees, and to administer justice in all matters relative to the affairs of deceased persons. Under this section, we think it clear the Orphans' Court had jurisdiction of the matter presented by the petition, for it would be impossible to superintend and make distribution of the estate without the authority to determine what was to be distributed; and this necessarily involves the questions as to what are assets, and, when there is a will, who are the legatees, and what is given to them by the will. Having jurisdiction of the subject-matter of the controversy, the Orphans' Court has the right to hear and receive evidence in relation to it; and, if the evidence consists of written instru-

ments, to examine and construe them, in order that it may properly apply it to the case before it. In the case of *Stewart and Wife vs. Pattison's Executor,* 8 *Gill,* 46, the Orphans' Court exercised jurisdiction of the question, whether one of the children of the testator had received an advancement of two thousand dollars, and also of a contest as to who, under the will, was entitled to the residuum of the estate, a question necessarily involving a construction of the will, and yet, upon the appeal to this Court, no objection was made to the jurisdiction of the Orphans' Court to do either. So in the case of *Smith & Talbott vs. Donnell,* 9 *Gill,* 88, the Orphans' Court in making distribution among legatees, determined a question of advancement and construed the will, as well the insolvent Act of 1805, ch. 110, without any question of its authority to do so having been raised upon the appeal to this Court. See also *Craufurd's Adm'r, et al. vs. Craufurd, et al.,* 22 *Md.,* 447; *Michael vs. Baker, Ex'r of Michael,* 12 *Md.,* 168, and *Hokamp vs. Hagaman,* 36 *Md.,* 517, in which cases the Orphans' Courts have decided, who was " next of kin," involving a construction of the statute; construed an ante-nuptial agreement, a decree of a Circuit Court, and an agreement of counsel filed in another Court and a different case, without a question raised in this Court as to their power to do so. It is clear that the Orphans' Court had jurisdiction of this case, expressly conferred by section 230 of Article 93 of the Code.

Were the sums of money given by Mrs. Simmons to her children by the paper dated 3rd March, 1866, intended as advancements or were they absolute gifts? The question of advancement can only arise in cases of total intestacy. *Stewart and Wife vs. Pattison's Ex'r,* 8 *Gill,* 56; *Sec.* 126 *of Art.* 93 *of the Code.* The paper executed by Mrs. Simmons on 3rd of March, 1866, expressly declares, however, that the sums of money thereby given are

"absolute gifts, and in any distribution to be made at my death, of my real and personal estate, in case I should die intestate, must be taken and considered as absolute gifts, and not advancements, and must not be abated or deducted out of the shares of my said respective children above named, in the distribution of my real and personal estate." This paper was drawn by an eminent member of the legal profession, who well knew that no question as to whether or not these gifts were advancements, could be raised unless Mrs. Simmons should die intestate, and therefore, it was, that the paper was drawn and executed by which the intention of Mrs. Simmons was declared, that the money was given as absolute gifts, and not by way of advancements. The calculation she made before executing the paper, and which is set out in the record as Exhibit No. 4, clearly shows, that she intended these sums as gifts to the children there named, for the purpose of putting them upon an equal footing with Mrs. Worthington. Mr. Ross and other witnesses prove these facts. Their evidence, as well as Exhibit No. 4, were excepted to as inadmissible, but they are clearly admissible; "for the introduction of proof for this purpose does not contravene the general rule of evidence, excluding parol proof to explain or vary the terms of a written contract. The object being collaterally to affect the title to other property, evidence can be gone into to show its true character and design." *Clark vs. Willson, Adm'r*, 27 *Md.*, 701, 702; *Cecil vs. Cecil*, 20 *Md.*, 153; *Parks vs. Parks*, 19 *Md.*, 330, 331.

It was contended that inasmuch as the will of Mrs. Simmons directs, that all of her children who had received advancements, should be charged with interest upon them, from the time they were made up to the time of her death, so as to make all equal, a clear intention was manifested thereby that these gifts were to be regarded as advancements. We have shown that they were by the very terms

of Exhibit No. 3, declared to be absolute gifts and not advancements, and the clause of the will above referred to, must be held to apply to advancements made by her to some of her children after she executed the declaration of March 3rd, 1866, (Exhibit No. 3.)  2 *Redf. on Wills,* 750 ; *Havens vs. Sackett,* 15 *N. Y. Rep.,* 365.

The Orphans' Court was clearly right in dismissing the petition, and the order appealed from will be affirmed.

*Order affirmed.*