## Staunton.

BRUCE AND WIFE V. SLEMP AND WIFE AND ALS.

SEPTEMBER 16th, 1886.

1. EVIDENCE—*Parol—General rule.*—Parol evidence is inadmissible to contradict, vary, or add to a written instrument.

2. IDEM—*Exceptions.*—But parol evidence is always admissible to show that a deed was not delivered on the day of its date, but on a different day, and to show the real nature and character of the consideration. *Summers* v. *Darne,* 31 Gratt. 804.

3. IDEM — *Husband and .wife — Advancement.*—A gift by the wife's father to the husband during coverture, is deemed an advancement to the wife.

4. IDEM—*Case at bar.*—B., in his lifetime, conveyed land to his daughter's husband by deed, reciting a valuable consideration. Parol evidence showed that the real nature and character of the consideration and the design of the grantor, were to create an advancement for the daughter—

HELD :

    Parol evidence was admissible for this purpose.

Argued at Wytheville.   Decided at Staunton.

Appeal from decree of circuit court of Lee county, rendered August 30th, 1885, in the cause of John W. Slemp and Clarinda J., his wife, complainants, against Daniel H. Bruce and wife and others, the heirs-at-law of Wm. N. G. Barron, deceased. The decree was adverse to the defendants, Bruce and wife, and they obtained an appeal to this court.

Opinion states the case.

*F. S. Blair,* and *H. K. Morrison,* for the appellants.

*Mr. Morgan,* for the appellees.

LACY, J., delivered the opinion of the court.

In January, 1885, John W. Slemp and Clarinda J., his wife, brought a chancery suit in the circuit court of Lee county, alleging that the said Clarinda J. was one of the children and heirs at-law of Wm. N. G Barron, who had died intestate, on the first day of January, 1885, seized of large and valuable real estate; seeking partition of the same and a distribution of the personal estate of the said Barron, among his eleven children, or their heirs, where any had died, and charging some of the children with advancements by the said father in his lifetime, before such should share in the division of the property of the deceased father. One of the daughters of the said Wm. N. G. Barron having intermarried with one Daniel H. Bruce, and the said Barron, after the said marriage, in the year 1878, having made a deed of certain land to his son-in-law, which recited a valuable consideration and made no mention of his daughter, Virginia Bruce, the said Bruce and wife answered, claiming the land conveyed to him as a purchase, denying that it could be considered an advancement to the daughter and claiming their equal share of the estate of Barron in the contemplated division of his property without bringing the same into hotchpot.

The circuit court held the conveyance to the son-in-law to be an advancement to the daughter, and Bruce and wife appealed to this court.

The first question raised here is as to the assignment of error, that the court erred in receiving parol evidence to explain the consideration expressed on the face of the deed. Citing 1 Greenleaf, sec. 26, note 1; *Harvey* v. *Alexander*, 1. Ran. 219, and other cases. These citations do not sustain the contention of the appellants on this point, and the weight of authority seems to be clearly the other way.

Ordinarily, parol evidence is not admissible to add to, vary, or contradict a written instrument.   We do not think, said Cochran, J., in *Parks* v. *Parks*, 19 Md., that rule can operate to exclude such evidence when offered to show the particular character of the subject-matter of a deed collaterally adduced to support or oppose a controverted right to other property than that described by the deed.

It is a settled matter that written instruments are to be interpreted according to their subject-matter, and that parol evidence may be introduced to ascertain the qualities and nature of the subject to which the instrument refers.   If a deed may be construed by the aid of parol evidence of the nature and qualities of the properties conveyed, there certainly can be no objection to the admission of such evidence to show the character of the property in a case where the construction of the deed is not involved.

The question presented on the evidence objected to is not one of construction of the bond and lease, nor does it arise between the parties thereto, nor can the determination of it either way affect or change their rights or obligations as they stand upon these instruments; but it is as to the peculiar nature and properties of the estate conveyed, in respect to which these papers are silent; or, in other words, whether that estate as conveyed takes the character and legal properties of an advancement, or those of a full and absolute gift, without a view to a portion or settlement.   The nature of the estate in these respects follows the intention of the donor, and that intention, as we understand the authorities, may be ascertained by parol evidence of the donor's declaration at the time of executing the conveyance, or of the donee's admissions afterwards, or by proof of facts and circumstances from which the intention may be inferred.

In the absence of such evidence, and of anything in the deed to indicate the intended character of the property conveyed, the law, looking to the equal relationship and right of other distributees, will presume the character most favorable to equal distribution to have been intended by the donor.

In this case, there is no effort to defeat or impeach the title of Bruce to the land conveyed him; there is no question of construction of the deed; there is no question raised between him and his grantor; the deed is not only not assailed, but is admitted in all its force, and there is no effort made to disturb him in the possession and enjoyment, to the fullest extent, of the property conveyed therein.   '

But when he comes in to claim for his wife an equal share in the partition of the other lands of his wife's father, the other ten children or their descendants deny his right to share farther in the estate of Wm. N. G. Barron, upon the ground that he has already received, in the lifetime of Barron, a larger share than can fall to any other child. He exhibits his deed as evidence that he paid $2,000 for this land. It is well known on all sides, and admitted by him, that he never paid anything for the land (except a conveyance in Kentucky of a few acres of land which he has been allowed for), but he contends that parol evidence cannot be invoked to show what the true consideration was, and what was the real intention of the grantor as to the said conveyance. Neither his deed nor his title thereunder is questioned; but the question is, whether, when this deed was made, with whatever estate or title it conveyed, was it intended by Barron as an advancement.

That parol evidence may be so admitted and used is undoubtedly the rule. As has been said often by the courts, the exclusion of this extrinsic evidence to show the true design of the grantor would tend to defeat the provisions of our laws for the equal distribution of intestates' estates; for the introduction of

proof for this purpose does not contravene the general rule of evidence excluding parol proof to explain or vary the terms of a written contract.   The object being collaterally to affect the title to other property evidence can be gone into to show its true character and design.   *Chinn* v. *Murray,* 4 Gratt. 348 ; *Woollery* v. *Woollery,* 29 Ind. 249; *Cecil* v. *Cecil,* 20 Md. 153 ; *Bay* v. *Cocke,* 30 Ill. 336; *West* v. *Ballou,* 23 Ga. 531; *Grey* v. v. *Grey,* 22 Ala. 233; *Mitchell* v. *Mitchell,* 8 Ala. 414; *Hoak* v. *Hoak,* 5 Watts, 80; Kingsbury's Appeal, 44 Penn. St. 400; *Conyers* v. *Weltman,* 14 N. H. 287; *Clark* v. *Willson's Adm'x,* 28 Md.; *Stewart* v. *Patterson's Ex'or,* 8 Gill, 55; *Mut. Ins. Co. in Baltimore Co.* v. *Dean,* 18 Md. 45; *Wilks* v. *Green,* 14 Ala. 437; *Powell* v. *Powell,* 5 Dana, 171; *Levering* v. *Rittenhouse,* 4 Whar. 138; King's Estate, 6 Whar. 370 ; *Murrel* v. *Murrel,* 2 Strobhart, 148.

There is in this case upon the evidence no question or doubt about the intention of the grantor, Barron, the father of the wife of Bruce, and there is equally no doubt of the understanding of Bruce on the subject; for when he was in Kentucky, with his wife living there, he wrote an urgent letter to Barron, which is in the record, in which he says: " You said you would make *us* a deed whenever *we* come, but didn't say where or how much.   I would like to know where and how much land, and what kind of a deed you will make *us* before I sell or resign. My intention is to live on the land you give *me and Jennie;* but if we should not be satisfied, of course we would like to be so we could leave."   The letter begins "Dear Father," and contains a postscript stating that a preceding letter had not been answered.   It is admitted that the land was in fact a gift from Barron to Bruce, his son-in-law, but a valuable consideration is sought to be set up in the change of circumstances and the possession of the property, and reliance is placed on the cases of *Burkholder* v. *Ludlam,* 30 Gratt. 255; *Halley* v. *Peters,* 79 a. 60, and cases cited.

But as no question arises here between the grantor and grantee, the father and the son-in-law, there being no parol gift, and the deed being in no wise assailed, those cases are wholly inapplicable to the case in hand. But if a gift, it is claimed that this land is a gift to a person not mentioned in the statute.

The son-in-law, Bruce, is not a descendant of Barron, and is not required by our statute to bring an advancement to him into hotchpot in order that his wife may share in the partition of the other lands of her father. We have already remarked that the law looking to the equal relationship and equal right of other distributees, will presume the character most favorable to equal distribution to have been intended by the donor.

If the contention of Bruce is to prevail, his wife will, in effect, have received more than twice as much as her brothers and sisters; and this can only be done by holding that the gift to the son-in-law was not on account of the daughter. What other claim did Bruce have on this father than that he married his daughter? If Bruce now considers as to this estate, he is not standing in the same relation as the daughter to the father and his estate, he did not feel nor write in that way at the time of the letter cited above, when he wrote, "Dear father, you said you would make *us* a deed; my intention is to live on the land you give *me and Jennie.*" The land was asked for on account of the daughter, and clearly was given only on that account; and it would be a sticking in the bark, indeed, to hold that the land was not given to the daughter because it was given to her husband for her, when it is abundantly proved in the cause that the conveyance was made by the father with the intention of making an advancement to the daughter; and the result is, both upon reason and authority, that the intention of the father must prevail, and that this conveyance to the son-in-law was an advancement to the daughter, as was held by the circuit court in the decree appealed from here.

Chief Justice Ruffin said in *Bridges* v. *Hutchins*, 11 Ired.: "A gift to the husband during coverture is undoubtedly an advancement to the wife; and it is quite clear that the release or cancelling the bonds of the child, with the intention thereby to prefer him in life, is as much an advancement as so much cash." *Gilbert* v. *Wetherell*, 2 Simons and Stuart, 254; *Carter's Ex'or* v. *Cutting*, 5 Mun. 223; *Hatch* v. *Straight*, 3 Conn. 31; *Dutch's Appeal*, 57 Pa. St. 461; *Bailor* v. *Taylor*, 9 Dana, 84; *Cleaver* v. *Kirk's Heirs*, 3 Metcalf's Rep., 270; *Chinn* v. *Murray*, 4 Gratt. 348.

We are of opinion that the gift of land to the husband during coverture, was an advancement by the father to the daughter, and was properly so held by the circuit court of Lee county. Upon the whole case we are of opinion that there is no error in the decree complained of, and the same must be affirmed.

Decree affirmed.