# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

| 80 | 259 |
| 90 | 243 |

## HUGHES v. TINSLEY & BROTHER.

### FEBRUARY 19th, 1885.

1. EVIDENCE—*Extrinsic.*—Where a written contract is perfect in itself and its terms are clear and intelligible, parol testimony is inadmissible to contradict, vary, or materially to affect it by way of explanation.

2. PRACTICE IN CHANCERY—*Answer.*—Where bill sets forth a contract and the plaintiff's construction thereof, and the answer admits the contract and claims under it, but denies the correctness of the plaintiff's construction, this is not such a denial as *per se,* entitles the respondent to a dissolution of the pending injunction.

3. CONTRACTS—*Construction—Case at bar.*—H. by written contract, sells T. & Bro. certain growing timber, and allows them four years to cut it down. Afterwards, she endorses on the contract these words: "I agree to extend the time for cutting timber as fixed in this contract each year T. & Bro. rent and operate the G. steam mills, said extension to cover a period of five years from the expiration of this within contract, this extension of time being based on said T. & Bro. renting and operating said G. steam mills." Before the expiration of the four years, said mills burned down and were never rebuilt, and had never since then been rented and operated by T. & Bro.

HELD:

    1. The extension was to begin after the expiration of the four years, and the condition upon which the extension was to begin, never was fulfilled.

Appeal of Mrs. Anne F. Hughes, by her husband, George Hughes, from decree of circuit court of Gloucester county, entered March 2nd, 1883, in a cause wherein she is complainant, and R. C. Tinsley & Brother are defendants.

Opinion states the facts.

*J. B. Donovan, John S. Wise* and *H. R. Pollard,* for the appellants.

*J. N. Stubbs* and *Maryus Jones,* for the appellees.

LACY J., delivered the opinion of the court.

On the 12th of March, 1883, the appellant applied to the judge of the circuit court of Gloucester, in vacation for an injunction to restrain the appellees from cutting wood and timber from her land in the county of Gloucester.

In her bill by her next friend, the complainant, a married woman, and J. F. Ross her trustee, set forth that on the 10th day of February, 1879, the appellant entered into a written contract with one R. C. Tinsley, whereby she sold to said Tinsley "all the timber on the tract of land known as the 'Courthouse tract,' (except the chestnut timber), ten inches in diameter and over," to be paid for as therein specified, "the said R. C. Tinsley to have four years time in which to cut said timber from the date of the contract, and filed the contract with the bill. And, further, that on the 9th day of June, 1880, she extended to the firm of R. C. Tinsley & Brother, of whom the said R. C. Tinsley was a member, the time for cutting timber as fixed in the said contract, each year that R. C. Tinsley & Brother rents and operates the Gloucester Steam Mills, said extention *to* cover a period of five years from expiration of the contract for four years, this extension of time being based on R. C. Tinsley & Brother renting and operating said Gloucester Steam Mills, which extension was endorsed on the back of the first contract for cutting the wood, which by its terms was to continue for four years as stated above, and is as follows:

"I agree to extend the time for cutting timber as fixed in "this contract, each year R. C. Tinsley & Brother, rents and

" operates the ' Gloucester Steam Mills,' said extension to cover
" a period of five years from expiration of this within contract,
" this extension of time being based on the said R. C. Tinsley
" & Brother, renting and operating said ' Gloucester Steam
" Mills.'

<table>
<tr><td>" Gloucester Courthouse,</td><td>ANNIE F. HUGHES,</td></tr>
<tr><td>" June 9th, 1880.</td><td>per Geo. Hughes, *Attorney.*"</td></tr>
</table>

That in 1881, before the expiration of the four years, the
Gloucester Steam Mills had been consumed by fire, had never
been rebuilt and had never been since that time rented and
operated by Tinsley & Brother.  That the four years had ex-
pired on the 10th day of February, 1883; that Tinsley & Brother
had not rented nor operated the said Gloucester Steam Mills,
since the expiration of the said four years, and that their right
to cut timber on her land had ceased.  That, nevertheless, in
disregard of the rights of the complainant, the said Tinsley &
Brother were proceeding to cut timber from the land, and were
committing waste thereon; that should they continue to do so
great and irreparable mischief would be done, which could not
be compensated in damages, &c., and praying an injunction,
&c.  On the day following, an injunction was awarded in accord-
ance with the prayer of the bill.

On the 20th of the same month, the defendants filed their
answer.

They admitted the contract as set forth in the bill for cutting
the wood, and the extension as stated herein upon certain condi-
tions setting forth in full, the said agreement for the extension;
admitted that they were cutting the timber after the expiration of
the four years, in the original agreement fixed and limited, and
admitted that the said Gloucester Steam Mills had been burned
on the 18th of June, 1881, and had not since been operated and
had never been rebuilt.  Claimed the right to cut timber be-
yond the expiration of the four years, originally agreed on be-
cause they had rented and operated the Gloucester Steam Mills

one year and seven months, before they were burned, and that by the terms of the agreed extension, they were entitled to add this year and seven months, to the four years after their expiration, because it had been agreed by the terms of the said extension, that the time should be extended for cutting timber as fixed in the original contract, each year R. C. Tinsley & Brother, rents and operates the Gloucester Steam Mills. That by operating the Gloucester Steam Mills, they had been prevented from cutting timber, and had delayed doing so, "did not care to do so," as the complainant had promised that the time in the original contract should be extended, that they had paid the agreed price for the wood which was a sum certain, and had lost a year in their operations in cutting the timber, by reason of their renting and operating the said Gloucester Steam Mills.

The testimony of one witness was taken to show the understanding of the parties as to the extension agreed on, to be an extension of the wood cutting contract, after its expiration for each year the defendants operated the Gloucester Steam Mills, not to exceed five years.

The cause was brought on in vacation, on the 2nd day of March following, on the bill, answer with replication thereto, the exhibit, the examination of a witness (an affidavit which was excluded), and the motion of the defendants to dissolve the injunction heretofore awarded in the cause.

When the circuit court "being of opinion that the answer is responsive to the bill, and denying all the material allegations thereof, and that the evidence offered by the plaintiff is insufficient to overturn such denial of the answer," dissolved the injunction by decree that day entered in the cause. Whereupon, the appellant applied for and obtained an appeal to this court on the 31st of the same month.

The main question involved in this case here is the true construction of the agreement of June 9th, 1880, by which the wood cutting contract of February, 1879, is claimed to be enlarged as to the time allowed for cutting the wood. And this

construction, so far as it is plain and unequivocal, must be upon the terms of that agreement itself. For generally, oral testimony is not to be received to contradict, vary, or to materially affect, by way of explanation, any written contract, whether within the statute of frauds or not: provided, the contract is perfect in itself, and is capable of a clear and intelligible exposition from the terms of which it is composed. The exceptions to this general rule are not necessary to be stated here. See *Stackpole* v. *Arnsed*, 11 Mass. p. 27; *Preston* v. *Luccan*, 2 W. Black, 1249; and *Cokes* v. *Guy*, 2 Bosanquet & Puller, 565.

The extension provided in this case is, "*to extend* the time for cutting timber fixed in this contract, each year R. C. Tinsley & Brother, rents and operates the Gloucester Steam Mills, said extension to cover a period of five years from *expiration* of this within contract, this extension of time being based on the said R. C. Tinsley & Brother, renting and operating the said Gloucester Steam Mills."

The extension provided for here, is plainly an extension after the *expiration* of the four years originally agreed on, for each year Tinsley & Brother should rent and operate the Gloucester Steam Mills, not to exceed five years. The Gloucester Steam Mills were not rented and operated any year, nor at all after the expiration of the four years. The condition, therefore, upon which the four years were to be extended, was never fulfilled, and no extension was effected at all under the agreement of the parties, and the right to cut timber under the contract ceased at the expiration of the four years. On the 10th day of February, 1883, the circuit court dissolved the injunction awarded in this case, upon the ground that the answer of the defendants was responsive to and denied all the material allegations of the bill, and that the evidence of the plaintiff, was insufficient to overturn such denial of the answer.

This was plainly erroneous, the answer not only did not deny all the material allegations of the bill, (except in general terms to that effect), but distinctly admitted the most material allega-

tions thereof, denying only the construction put upon the contract by the plaintiff, and admitted the contracts, setting them forth in full, and claiming under them; and under the plain terms of these agreements the right of the defendants to cut wood on the land of the plaintiff in the bill mentioned has ceased. It was, therefore, erroneous in the circuit court to dissolve the injunction upon the case made in this record.

There was no evidence taken by the defendants, to establish the affirmative matter, of hardship and the like set up in their answer, and as to the proper disposition of the felled timber on the land, and upon these matters we will express no opinion.

But the decree of the circuit court dissolving the injunction, will be reversed, and the cause remanded to the said circuit court of Gloucester county, with directions to reinstate the said injunction, and for further proceedings to be had therein, to fully adjust the rights of the parties, as may then more fully appear. and to proceed to a final decree in the cause in accordance with the foregoing views.

Decree reversed.