# Wytheville.

SCOTT v. NORFOLK & WESTERN R. R. CO.

JULY 27th, 1893.

1. CONTRACT—*Parol evidence—Case at bar.*—Plaintiff by writing agreed to furnish defendant with railroad ties at points where needed, but alleged a contemporaneous parol agreement of defendant to haul part of the ties. In action for defendant's failure to perform the parol agreement: *held,* such agreement could not be proved as it would violate the rule which forbids the admission of parol evidence to vary a written agreement.

2. IDEM—*Receipt—Release.*—Plaintiff accepted payment and receipted in full of all demands under the contract for such ties as he hauled: *held,* such receipt was a complete defence to the plaintiff's action.

Error to judgment of circuit court of Tazewell county, rendered August 26, 1892, in an action of *assumpsit* wherein Charles Scott, Jr., was plaintiff, and the Norfolk and Western Railroad Company was defendant. Opinion states the case.

*Henry & Graham,* for plaintiff in error.

*A. J. & S. D. May* and *John H. Fulton,* for defendant in error.

LACY, J., delivered the opinion of the court.

This action was trespass on the case in *assumpsit* by the plaintiff in error against the defendant in error.

The case is briefly as follows: Charles Scott, Jr., the plain-

tiff, was a contractor with the railroad company to furnish a large number of cross-ties to be used in the construction of its Clinch Valley division. He was to furnish 170,000 cross-ties on the line of the Clinch Valley division within a certain time at 33 cents. No question arises as to this; the cross-ties were not all furnished, but such as were furnished were paid for in full, and the contractor's receipt given for the payment in full, and the company released from all further liability under and concerning the said contract, which was in writing with the purchasing agent of the railroad company.

This suit is brought to obtain damages from the said company for its failure to comply with a verbal undertaking by one Coe, chief engineer of the company, made contemporaneously with the written contract, that 25,000 of these cross-ties should be hauled by the company on its trains from the New River division of the company.

It is claimed that Mr. Coe wrote a letter to this effect, which has been lost.

The company denied any such agreement, and insisted that it had made only one contract with reference to these ties, which was in writing, and which contained no such stipulation, and with which contract it had complied in full.

The case was tried by a jury, which, under the court's instructions, rendered a verdict for the defendant; whereupon the plaintiff moved the court to set aside the verdict and grant him a new trial, because of misdirection by the court on the law, because of the exclusion of certain evidence, and because the said verdict was contrary to the law and the evidence. This motion the court overruled, and the plaintiff applied for and obtained a writ of error to this court.

The first assignment of error is as to the ruling of the trial court in excluding the contemporaneous agreement alleged between the parties, by which a material condition and contradictory agreement contemporaneous with the written contract was sought to be attached to it, and interpolated in its provisions.

The written contract provided that the cross-ties should be placed on the line of the road where they were wanted, not above or below grade more than specified. By the parol proof offered it was sought to show that the parties had contracted that these ties should be placed many miles away and hauled to the place when they were wanted and placed by the company.

If there had been any such agreement as this, when its grave importance is considered, involving a large sum of money, and an enormous saving to one of the contracting parties of trouble and inconvenience, being in the highest degree material to his interest and welfare, why was it not inserted in this formally prepared and elaborately constructed contract in writing, if mutually agreed on at the same time the written contract was agreed on? It clearly would have been among its most important provisions. When parties have deliberately put their engagements into writing, in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, was reduced to writing; and all oral testimony of a previous colloquism between the parties, or of conversation or declarations at the time when it was completed, or afterwards, as it would tend, in many instances, to substitute a new and different contract for the one which was really agreed upon, to the prejudice, possibly, of one of the parties, is rejected.

In other words, as the rule is now more briefly expressed, parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument. Greenlf. Ev., vol. 1, § 275; *Hubble* v. *Coles*, 85 Va., 504; *Bruce, &c.,* v. *Slemp, &c.,* 82 Va., 352, and authorities cited; *Hughes* v. *Tinsley & Bro.*, 80 Va., 259.

This general rule is well established, and there is nothing in this case to take it out of it.

Aside from this the case is clearly with the defendant in error on the merits without its application, the plaintiff in error having receipted in full of all demands under the contract, and received payment for such ties as he hauled and delivered under the contract.

This release and receipt was rejected by the circuit court as immaterial, and the defendant in error assign such action as error against them under Rule IX. of this court it made a part of the record by bill of exceptions. It was a complete defence to the action of the plaintiff against them under the contract sued on, and they had a right to have it presented to the jury.

But this action not having prejudiced the defendant in error, and then there being no error in the record of which the plaintiff in error can complain, we will affirm the judgment of the circuit court of Tazewell county, appealed from here.

JUDGMENT AFFIRMED.