(Decided 24th June, 1874.)

---

ANNIE B. PINDELL *vs.* JAMES P. PINDELL, Executor.

*Renunciation by Widow within the time allowed by Art. 39, sec. 285 of the Code.*

A testator died in the fall of 1872, leaving a widow, and a will to which a caveat was filed on the 5th of October, 1872, *before it was admitted to probate*, and on the 23rd of November following, letters of administration *pendente lite* were granted to the party named as executor in the will. Issues framed on the caveat were subsequently tried in a Court of law, and the jury found all of them in favor of the caveatee. These findings were certified and transmitted to the Orphans' Court on the 18th of July, 1873, and the will was thereupon admitted to probate, and letters testamentary were granted on the 24th of that month. The widow filed her renunciation of the will in the Orphans' Court on the 12th of June, 1873. It was argued that the renunciation was too late, having been filed more than six months after the grant of letters of administration *pendente lite*. HELD :

That the renunciation was made in time according to the provisions of section 285 of Article 93, of the Code; the terms "first grant of administration upon her husband's estate," meaning the first grant of administration after her husband's will has been admitted to probate.

APPEAL from the Circuit Court of Baltimore City.

This was an appeal from a decree of the Court below, upon a bill filed by the appellee, charging that the appel-

lant had not filed her renunciation of the bequests contained in the will of her late husband, Lewis Pindell, deceased, within six months after the first grant of administration upon his estate, as required by section 285 of Article 93 of the Code. The facts of the case are sufficiently stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., GRASON, MILLER and ROBINSON, J.

*Wm. H. S. Burgwyn,* for the appellant.

*Wm. H. Dawson,* for the appellee.

MILLER, J., delivered the opinion of the Court.

It appears from the record in this case that Lewis Pindell died in the fall of 1872, leaving the appellant his widow, and also leaving a will to which a *caveat* was filed on the 5th of October, 1872, *before it was admitted to probate,* and on the 23rd of November, 1872, letters of administration *pendente lite* were granted to the appellee, the party named as executor in the will. Issues framed on this caveat were subsequently tried in a Court of law, and the jury found all of them in favor of the caveatee. These findings were certified and transmitted to the Orphans' Court on the 18th of July, 1873, and the will was thereupon admitted to probate, and letters testamentary granted to the appellee on the 24th of that month. The widow filed her renunciation of the will in the Orphans' Court on the 12th of June, 1873, and the sole question presented by this appeal is whether that renunciation was too late, having been made more than six months after grant of the letters of administration *pendente lite.*

By the Act of 1798, ch. 101, sub ch. 13, sec. 2, a widow was allowed to renounce at any time "within ninety days after the authentication or probate of the will," and by

the supplemental Act of 1831, ch. 315, sec. 2, that time was *"extended* to the period of *six months* from the day upon which administration may be *first granted* on her husband's estate.'' Such was the law on this subject at the time of the adoption of the Code, in which by Article 93, sec. 285, it is provided the renunciation may be made *"*within six months after the *first grant* of administration upon her husband's estate.'' Under the antecedent laws a question like this would hardly be raised. By their terms it is too clear to admit of doubt, that the widow's right to renounce continued for six months from the day of the first grant of administration, made after the will had been admitted to probate, and in our opinion the Code has made no change in this very important matter. Its language is very similar to that of the Act of 1831, and we have no doubt the Legislature in adopting it, intended to continue the same limitation of time that had theretofore existed for so many years, and which in 1831 had been expressly *extended* for the benefit of widows. The terms '' first grant of administration upon her husband's estate,'' mean the first grant of administration after her husband's will had been admitted to probate. This is made perfectly clear by the form of renunciation prescribed by this same section 285. That form is literally copied from the Act of 1798, and by it the widow says she renounces and quits '' all claim to any bequest or devise made to me by the last will of my husband, *exhibited and proved according to law.''* We are, therefore, of opinion the renunciation in this case was made in time. A different construction has been placed on this section by the learned Judge of the Circuit Court, and as the decree appealed from is based on such construction it must be reversed, and the cause remanded for further proceedings in accordance with the views expressed in this opinion.

*Decree reversed, and*
*cause remanded.*

(Decided 24th June, 1874.)