## JOHN B. KEY AND WIFE, AND SOTHORON KEY AND WIFE ET AL.

### *vs.*

### MATTIE KEY.

*Husband and wife: interest of survivor in deceased spouse's real estate; Chapter 325 of the Acts of 1916; constitutional.*

Chapter 325 of the Acts of 1916, amending the law as to inheritance (Code, Article 46), is properly described in its title, and complies with the requirements of Section 29 of Article 3 of the Constitution as to the title of statutes.      p. 421

That statute, in giving a surviving widow or husband, as heir, the same share in the real estate within the State belonging to the deceased spouse, at the time of death, though such spouse died testate, which the survivor would take as distributee in the personal property of the decedent so dying testate, operates only upon the property belonging to the person at the time of his or her death, and does not operate to change or divest rights or estates of property already descended or vested; nor does it affect the enjoyment or ownership of property during his or her life, and the Act is constitutional and valid.     p. 421

J. H. K. died, leaving personal property more than sufficient to pay his debts; Chapter 325 of the Acts of 1916 was then in force; the decedent made no provision for his wife, but by his will recognized her right to dower and a distributive share of his estate, but in his will stated that it could be more satisfactorily adjusted at the time of his death; *held,* that his surviving widow took, as heir, one-third in fee of his land and tenements belonging to him at the time of his death, the same being the interest she took under the statute in his personal property, and that she did not take merely one-third life estate therein.

         p. 423

*Decided April 9th, 1919.*

Appeal from the Circuit Court for St. Mary's County. In Equity. (CAMALIER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE BURKE, THOMAS, PATTISON, URNER and CONSTABLE, JJ.

*F. Snowden Hill* (with whom were *George H. Calvert, Jr.,* and *John H. T. Briscoe* on the brief), for the appellants.

*C. Allison Wilmer* and *William Meverell Loker* (with whom was *Daniel C. Hammett* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This case presents for consideration the question of the validity *vel non* of Chapter 325 of the Acts of the General Assembly of Maryland of 1916, and if valid, a proper construction of the Act itself.

The precise question to be determined is, what interest and estate does the surviving widow, the appellee in this case, take under the Act in the real estate of her deceased husband at the date of his death, that is, is she entitled as heir to one-third of the real estate in fee simple belonging to her husband at the date of his death or has she a life estate only in one-third thereof.

The Act in question is entitled "An Act to repeal sections 1 to 23 (inclusive), 25, 26, 27, 28 and 31 of Article 46 of the Code of Public General Laws of Maryland, title 'Inheritance,' in Bagby's Annotated Code of Laws;" and to enact in lieu thereof four new sections of Article 46, to be known as sections 1, 2, 3 and 4 of said Article, thereby assimilating the law, relating to the real property of decedents more nearly to the law relating to personal property.

By this Act it will be seen that certain sections of Article 46 of the Code were repealed, and four (4) new sections were enacted in lieu thereof.

Section 2 of the Act provides:

> "If said intestate leave a widow or a surviving hus-
> band, such widow or surviving husband shall take, as
> an heir, the same share or proportion of such lands,
> tenements or hereditaments as a widow or surviving
> husband takes as a distributee in the personal property
> of her or his deceased spouse under such laws relating
> to personal property."

The first half of section 3 of the Act provides:

> "A surviving husband or widow shall take, as heir,
> the same share or proportion in lands, tenements or
> hereditaments within this State belonging to the de-
> ceased spouse, at the time of his or her death, though
> such deceased spouse die testate, which such surviving
> husband or widow would take in the personal property
> of a resident spouse so dying testate."

The facts of the case appear from the pleadings and are
substantially as follows: Joseph Harris Key, died in St.
Mary's County on the 7th of June, 1917, leaving a last will
and testament dated the 18th of April, 1913. The will was
admitted to probate in the Orphans' Court of St. Mary's
County on June 26th, 1917, and letters testamentary were
granted to the executors named in the will.

By the will the testator disposed of a large and valuable
estate, both of real and personal property, but made no devise
or bequest to his wife, but by the fifth clause of the will
states:

> "I recognize fully the rights of my wife to a dower
> and distributive share, but I think they can be more
> satisfactorily adjusted after my death than at this
> time."

Mr. Key was married three times and the present appellee
is his third wife. They were married on April 24th, 1895,
and there was no child or descendant of a child by this mar-
riage, but the defendants are children by his former marri-
ages.

The contention that the statute is invalid because its title does not conform to but offends section 29 of Article 3 of the Constitution, which requires that "every law enacted by the General Assembly shall embrace but one subject, and that shall be described in its title," is clearly without merit and cannot be sustained.

The title of the Act upon examination will be seen, states that it is an Act to repeal certain designated sections of Article 46 of the Code, title "Inheritance," and to enact in lieu thereof four new sections, to be known as sections 1, 2, 3 and 4 of Article 46 of the Code, thereby assimilating the law relating to the real property of decedents more nearly to the law relating to personal property.

This title is not only broad and comprehensive but contains a sufficient description of the purpose and subject matter of the Act. It is the usual title, form and method adopted in legislation for the repeal of sections of statutes and the enactment of new sections in lieu of the repealed sections and has been frequently sustained by recent decisions of this Court. *Worcester Co.* v. *School Commissioners,* 113 Md. 305; *Ruehl* v. *State,* 130 Md. 196; *Dahler* v. *Washington Sanitary Commission,* 133 Md. 644.

The second objection that the Act is invalid because it disturbs and impairs existing and vested property rights is manifestly not tenable.

The language of the third section of the Act is clear and definite that the surviving husband or widow shall take as heir a certain share in lands, tenements or hereditaments, within this State belonging to the deceased spouse at the time of his or her death, though such deceased spouse die testate.

The statute it will be seen operates only upon property owned and belonging to a person at the time of his or her death, and does not in any way change or divest rights or estates in property already descended or vested, nor does it affect the enjoyment and ownership of property by the owner during his life.

Similar laws of this character have been held valid and constitutional, and approved by the Supreme Court of the United States in a number of cases and by the appellate courts of the various States.

In *Noel vs. Ewing,* 9 Indiana, 38, the Supreme Court of Indiana in applying a statute of that State which provided that if a husband die, testate or intestate leaving a widow, one-third of his real estate shall descend to her in fee simple, held that husbands as a class were embraced in the language used, and that it included all those who sustained this relation at the date of the statute or might sustain that relation in the future. The Court said: "Upon the dissolution of marriage by death the law applies. If persons married before the Act were intended to be excepted the law would have been so written. It establishes the death of one of the parties as the future event on which it is to operate. It simply determines the legal effect of death as a future event on the rights of the surviving wife.

In *U. S.* v. *Fox,* 94 U. S. 315, the Court there said: "The power of the State to regulate the tenure of real property within her limits, and the mode of its acquisition and transfer, and the rules of descent, and the extent to which a testamentary disposition of it may be exercised by its owners is undoubted. It is an established principle of law, everywhere recognized, arising from the necessity of the case, that the disposition of immovable property, whether by deed, descent or any other mode, is exclusively subject to the government within whose jurisdiction the property is situate."

It is very apparent in the present case that there are no vested rights involved and the authorities in support of the validity of such legislation are too numerous and well settled to permit it to be disturbed at the present date. The cases and citations from the various text-writers upon the subject will be found cited and collected in the appellants' brief in the case of *Safe Deposit Co. vs. Giltings,* 103 Md. 494, and will be found to fully sustain the conclusion we have reached

in this case. *Sturgis v. Ewing,* 18 Ill. 176; *Brettun* v. *Fox,* 100 Mass. 234 and *Randall v. Kreiger,* 23 Wall. 148.

We, therefore, hold that the Act of 1916 is valid and constitutional, and as it was in force at the death of Joseph H. Key, by a proper construction and by the express language of the Act, the appellee, his surviving widow, takes as heir one-third in fee, in the lands and tenements belonging to him at the time of his death. The same being the same interest that she takes under the statute in his personal estate.

It is conceded that the surviving widow did not elect to take dower as provided in section 4 of the Act, and that the testator left personal property of value more than sufficient to pay his debts.

There is nothing in the Maryland cases relied upon by the appellants in conflict with the construction we have given this Act. They rest upon dissimilar statutes and have no application here. The conclusion we have reached in this case in no way disturbs what we said in those cases.

For the reasons stated the order of the Circuit Court for St. Mary's County overruling the defendant's demurrer to the plaintiffs' bill will be affirmed.

*Order affirmed, cause remanded with costs to the appellee.*