CHARLES E. HARRIS, Individually and as
Administrator,

*vs.*

MARGARET E. HARRIS.

*Renunciation by Widow—Distribution of Personalty.*

Upon a renunciation by the widow of a bequest of personalty contained in her husband's will, she is entitled, even in the absence of children, to one-third only of the husband's personal estate which remains after payment of just claims against him, it being so expressly provided by Code, Art. 93, sec. 302.

*Decided June 28th, 1921.*

Appeal from the Orphans' Court for Carroll County.

Proceedings for the administration of the estate of James E. Harris. From an order of distribution, Charles E. Harris, individually and as administrator, appeals. Reversed.

The cause was submitted to BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Theo. F. Brown,* for the appellant.

*Guy W. Steele,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This appeal is from an order of the Orphans' Court of Carroll County, distributing the personal estate of James E. Harris, late of Carroll County, deceased, and it presents an important question of testamentary law.

Mr. Harris died on the 24th day of May, 1920, leaving a last will and testament.

The will is dated the 7th day of May, 1908, and is in manner and form as follows:

"I, James E. Harris, of the village of Parrsville, County of Carroll, State of Maryland, being of sound mind and memory, do make and declare this to be my last will and testament, to wit:

"First—I give and devise and bequeath all of my property, both personal and real, to my wife, Margaret E. Harris, to hold as hers during her natural life, and not to sell any of said property at any time.

"Second—After the death of my wife, Margaret E. Harris, I wish said property to be divided as follows: Twenty dollars to my sister, Lucinda V. Magers, and the balance to be equally divided between my sister, Mary E. Magers, and my brother, Charles E. Harris. In witness whereof, I have signed and sealed and declared this as my last will this seventh day of May, 1908.

"James E. Harris.    (Seal)"

The will was duly admitted to probate by the Orphans' Court of Carroll County, on the 8th day of June, 1920, and the widow, Mrs. Harris, having renounced her right to administer, and there being no executor named in the will, letters of administration with the will annexed were granted to the brother, Charles E. Harris, the appellant on the record now before us, and he thereafter duly qualified as such administrator.

The testator left surviving him a widow, Margaret E. Harris, a brother, Charles E. Harris, two sisters, Lucinda V. Magers and Mary E. Magers, but no children or descendants of children.

On the 28th of June, 1920, the widow filed her renunciation in the orphans' court of her rights under her husband's will, as follows:

"I, Margaret E. Harris, widow of James E. Harris, late of Carroll County, deceased, do hereby renounce and quit all claim to any bequest or devise made to me

by the last will and testament of my husband, James
E. Harris, duly exhibited and proved according to law
and recorded among the Will Records of the Orphans'
Court of Carroll County; and I elect to take in lieu
thereof my legal share of the estate of my said hus-
band.

> "In testimony whereof, I hereunto subscribe
> my name and affix my seal this 28th day
> of June, 1920.
> "Mrs. Margaret Ellen Harris.    (Seal)
"Witness: Violet M. Turfle."

On the 1st day of March, 1921, the administrator pre-
sented his first and final account to the orphans' court, show-
ing a balance of the personal estate for distribution, to-wit:
$2,881.38, after the payment of the costs of administration,
taxes, and certain debts against the estate.

This balance was distributed, one-third to the widow, she
having renounced the provisions of the will in her favor, and
the balance as follows:

Balance to be distributed.................$1,920.92
Balance to be distributed between Mary
    E. Magers and Charles E. Harris in
    accordance with the will of testator,
    Lucinda V. Magers having received out
    of the proceeds of the sale of real
    estate the amount bequeathed to
    her.......................$1,920.92
Less collateral inheritance tax......    96.05
                                        ─────────
Balance for distribution........$1,824.87
                                        ─────────
To Mary E. Magers, one-half....  $912.44
To Charles E. Harris, one-half..   912.43
To William Arthur, collateral tax   96.05
                                   ─────────$1,920.92

Objections and exceptions were filed to this account by
Margaret E. Harris, the widow, for certain reasons, and

upon the ground, first, because James E. Harris died leaving surviving him a brother and sister and a widow, but no children or descendants of children, and she as his surviving widow is entitled to one-half of the personal estate after payment of expenses and of debts; second, because the law, as construed by this Court from time immemorial, where a widow has renounced a will, has allowed her the legal share given her by the distribution laws of the State.

On the 7th of March, 1921, these exceptions were sustained by the orphans' court and the following order was passed by it:

"Charles E. Harris, administrator with the will annexed of James E. Harris, late of Carroll County, deceased, having presented his first and final account of his administration of said estate and its distribution to this court for approval, and exception to said distribution and objection thereto being made by Margaret E. Harris, the widow of said deceased, the court heard the parties and considered the evidence and all proceedings of said estate in relation thereto.

"It is thereupon this seventh day of March, in the year nineteen hundred and twenty-one, by the Orphans' Court of Carroll County ordered that the payments shown by said account be and the same are hereby allowed and approved.

"And it is further ordered that the objections to the distribution of the surplus of said estate remaining in the hands of said administrator, after the payments are made which have been hereby allowed, be and they are hereby sustained, and said administrator be and he is hereby ordered and directed to make distribution of said surplus to Margaret E. Harris, the widow of said deceased, as though no will had been made by the said James E. Harris, deceased, which has always heretofore been ruled by this court to be the proper construction of the testamentary laws of Maryland relating thereto, as follows:

"Balance of estate for distribution......$2,881.38

"Distributed under the laws of the State of
Maryland, as follows, to wit:

"To Margaret E. Harris, widow of testator,
the amount provided by law, she having
renounced the provisions of the will, the
one-half thereof, the sum of . . . . . . . . . . . .$1,440.69

"Balance to be distributed. . . . . . . . . . . . . . . .$1,440.69
"Balance to be distributed between Mary E.
Magers and Charles E. Harris in accord-
ance with the will of the testator, Lucinda
V. Magers having received out of the pro-
ceeds of the sale of real estate the amount
bequeathed to her. . . . . . . . . . .$1,440.69
"Less collateral inheritance tax. . . .    72.03

"Balance for distribution. . . . . . .$1,368.66

"To Mary E. Magers. . . . . . . . . . . .    $684.33
"To Charles E. Harris. . . . . . . . . . .    684.33
"To William Arthur, collateral tax.    72.03
                      ————$1,440.69
            "Thomas J. Haines,
            "J. Webster Ebaugh,
            "John K. Miller,
"Judges of the Orphans' Court of Carroll County."

From this order, Charles E. Harris, as one of the residuary
legatees and as administrator with the will annexed, has taken
this appeal.

The single question then presented by the appeal is, what
part of the personal estate of a deceased husband does his
widow receive, when she renounces all claim to a bequest of
personal property made to her by the provisions of his will?

The language of the statute, applicable to the facts of this
case, and we are dealing with personal property alone, we
think, is plain and free from difficulty, and it clearly pro-
vides that the widow upon renunciation shall be entitled to

receive "one-third part of the personal estate of her husband which shall remain after payment of his just claims against him and no more."

The provision of Section 302 of Article 93 of the Code is as follows:

> "A widow shall be barred of her right of dower in land or share in the personal estate by any such devise or bequest, unless within six months after the first grant of administration upon her husband's estate she shall deliver or transmit to the court or register of wills where administration has been granted a written renunciation in the following form. * * * But by renouncing all claims to a devise or bequest, or devises or bequests of personal property made to her by the will of her husband she shall be entitled to one-third part of the personal estate of her husband which shall remain after payment of his just claims against him, and no more."

In *Kuykendall* v. *Devecmon,* 78 Md. 537, this Court said: "The right of the widow to receive her share of the estate in kind, seems to be recognized and well established in this State. The Code, Art. 93, Sec. 292, provides, that a widow who has renounced, shall be entitled to 'one-third of the personal estate of her husband, which shall remain after payment of his just claims against him and no more.' "

Section 292, of Article 93, of the present Code, it will be seen, was codified from the Acts of 1798, Chapter 101, and has been the law of this State, so far as the widow's interest is concerned, since that date.

The Act of 1798, Chapter 101, established the testamentary law and system of the State, and the Act is entitled, "An Act for amending and reducing into system the laws and regulations concerning last wills and testaments, the duties of executors, administrators and guardians and the rights of orphans and other representatives of deceased persons."

The rights of widows in their husbands' estates, as provided by the act, will be found set out in sub-chapter 13 of chapter 101 of the acts of 1798, and section 302 of article 93 of our present Code is literally copied from the act of 1798, except a change as to the time of filing the renunciation. *Acts,* 1798, ch. 101, sub-ch. 13, sec. 2; *Acts* 1831, ch. 315; *Code,* art. 93, sec. 302; *Pindell* v. *Pindell,* 40 Md. 537; *Kuykendall* v. *Devecmon,* 78 Md. 542.

The cases relied upon by the appellee rest upon a dissimilar state of facts, and art. 93, sec. 302 of the Code, authorizing distribution of personal property to the widow, upon her renunciation of the will, had no application and was not controlling in the decision of those cases.

In *Griffith* v. *Griffith,* 4 H. & McH. 102, the testator devised a part of his real estate to his widow and bequeathed all of his personalty to other persons. The widow did not renounce the will, and it was held, as there were children, she was entitled to one-third of his personal property, after payment of debts and funeral charges.

In *Coomes et al.* v. *Clements,* 4 H. & J. 480, the testator bequeathed the whole of his personal estate away from his wife, but devised to her a part of his real estate, and died leaving no child or descendant. The wife renounced the will as to the realty and the Court held that she was entitled to one-half of his personal estate, after the payment of his debts.

The case was argued before CHASE, C J., JOHNSON, MARTIN and DORSEY, JJ., and each of them delivered a separate opinion. In the opinion of JUDGE JOHNSON it is said: The various Acts of Assembly passed in Maryland recognize the right of the widow; the extent of the interest in certain instances has been ascertained; and where a case presents itself, coming within those specified cases, the widow's interest must be governed by them. The act of 1798, ch. 101, passed before the will in question was made, restricts the widow's interest, whether children or not, to one-third in the cases to

which the restriction applies. The case before the Court does not come within the restricted exception mentioned in the act; and as the testator died without leaving children, or their reprsentatives, I am of opinion the decision of the orphans' court, giving her one-half, was correct."

In *Collins* v. *Carman*, 5 Md. 505; *Gough* v. *Manning*, 26 Md. 347, and *Hokamp* v. *Hagaman*, 36 Md. 511, there was no renunciation by the widow, and those cases do not fall within the provisions of article 93, section 302 of the Code, and are not in point in this case.

There is nothing in the recent acts of 1916 and 1898 that in any way repeals or modifies section 302 of article 93 of the Code, or that would disturb the conclusion we have reached in this case. Chapter 325, acts of 1916; chapter 331, acts of 1898.

As the widow in this case renounced all claims to the provisions made for her by the will of her husband, she was entitled, under section 302 of article 93 of the Code, to receive one-third part of the personal estate of her husband which remained after payment of his just debts and claims, and no more.

It follows, for the reasons stated, that the Orphans' Court of Carroll County committed an error in allowing the widow one-half of the personal estate, in the distribution of the balance of the estate of the testator, and that its order of the 7th day of March, 1921, must be reversed, and the cause remanded, to the end that the personal estate may be distributed in accordance with the views expressed in this opinion, to-wit, one-third to the widow and no more, as provided by article 93, section 302 of the Code.

> *Order reversed and cause remanded, the costs in this Court and the court below to be paid out of the estate.*