*216 MEMORANDUM
COX, J.
The question to be determined is whether a certain note held for collection by the plaintiff bank goes to the administrator of the estate of Bartholomew Rosasco or to his widow.
The facts are undisputed. On March 4, 1920, the wife of Rosasco opened a savings account with the plaintiff bank. On April 27, 1920, the account was transferred to the names of Rosasco and his wife, “subject to the order of either, the balance at the death of either to belong to the survivor.” On July 1, 1920, Rosasco indorsed in blank and deposited for collection the note in question, which is for $4,500, payable to his order, three years after date and secured by deed of trust on real estate. At the time of the deposit, the note was the sole property of Rosasco who had no bank account except the joint account with his wife. When the note was deposited, the following entry was made in the back of the joint savings account book: “Wm. W. Stewart 5/5/20 3 yrs. 6% s/a $4,500.” The interest as it accrued on the note was regularly collected by the bank and, under instructions from Rosasco, credited to the joint account. Up to the death of Rosasco, on August 12, 1933, his wife exercised with him joint control over the account. The time of payment of the note was extended from time to time and the extended date of maturity is May 5, 1935. The extensions of the note prepared by the bank and signed by the owner of the real estate were each “approved” by Bartholomew Rosasco as “holder of the note.”
Upon the death of Bartholomew Rosasco, his son, Noel E., one of the defendants, was appointed administrator of the *217 estate. The administrator and the widow both claim, and have made demand upon the bank for, the note.
There appears to be no question that the monies actually deposited in the bank account including interest payments on the note were held in joint tenancy by the parties and passed to Mrs. Rosasco on the death of her husband, in accordance with the rule applied in cases such as Garrett v. Keister, 61 App. D. C. 25; and Metropolitan Savings Bank v. Murphy, 82 Md. 314.
The intention of the parties as to the fund deposited in the joint account is made clear and unequivocal by the language employed in opening the account. The situation is different, however, with respect to the note which was deposited merely for collection. The note was indorsed in blank and not to Rosasco and his wife. The interest accruing on the note was credited to the account “under instructions from Rosasco.” In approving each extension of the note Rosasco signed as “holder of the note.” These acts of Rosasco are thought to be more consistent with the intention on the part of Rosasco to retain control of the note as his own than with the intention to transfer the title of the note to the joint account. The acts of Rosasco, and the record he left, being equivocal, it would seem that the burden is on Mrs. Rosasco to show that title to the note passed into the joint tenancy. Andreas v. Andreas, 84 N.J.E. 368; Whalen v. Milholland, 89 Md. 199; Pearre v. Grossnickle, 139 Md. 1; Taylor v. Henry, 48 Md. 550; De Puy v. Stevens, 55 N.Y.S. 810. In the case last cited it is said:
“Joint tenancy, whether in land or personalty, is not favored, either in law or equity; and it will never be inferred where any other deduction can be fairly made. In consequence, survivorship, which is an incident to joint tenancy, is seldom presumed.”
As observed by Judge Alvey, in Taylor v. Henry, 48 Md. 550, “. . . the evidence must be clear and unmistakable both of *218 the intent and the execution of that intent,” and, looking to all the facts and circumstances of the case it may well be that the entry as to the note in the back of the “. . . bank-book was nothing more than a device or arrangement by the deceased, to subserve a matter of convenience to himself.”
It is considered that the administrator is entitled to receive the note from the bank and to have a decree in his favor accordingly.