KREAMER *v.* HITCHCOCK ET UX.

[No. 126, October Term, 1954.]

456

*Decided June 22, 1955.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*James F. Tomes,* with whom was *G. Gregg Everngam* on the brief, for the appellant.

*Robert L. McClosky* for the appellees.

BRUNE, C. J., delivered the opinion of the Court.

The appellant is the widow of Adonis W. Kreamer, who died in June, 1948. In 1942 he purchased a lot of ground in Montgomery County, Maryland, and in August, 1946, he and a woman purporting to be his wife conveyed this property to third parties, who, in turn, conveyed it to the appellees in 1950. In 1954 the appellant

brought this suit in equity against the appellees as owners of the property to assert and establish her dower interest therein. The appellant does not allege that she ever filed an election to take dower, the opinion of the trial court states that she did not do so and this appears to be conceded to be the fact. The appellees demurred to the bill. The Chancellor filed a combined opinion and order which sustained the demurrer and dismissed the bill. The appeal is from that order.

The appellant's husband left a will dated April 1, 1948, and probated in the Orphans' Court of Montgomery County September 15, 1948, by which he devised and bequeathed to his "dearest friend", who was the woman who had joined as his purported wife in the 1946 deed conveying the land here involved, a life estate in all his property, with some additional powers. He bequeathed one dollar to his "legal wife", the appellant, stating that she had seen fit to leave his bed and board in 1924; and he also bequeathed one dollar to each of his children stating that they had seen fit to go with their mother when she left him.

The case calls for some consideration of the rights of a widow in her husband's estate at common law in Maryland, as well as under statutory provisions contained in Articles 46 and 93 of the Code. So far as practicable, references below to Section numbers of Code provisions will be to their numbers as given in the 1951 Code, with parenthetical or explanatory references to their numbers in other Codes, where such references may seem desirable in the interests of convenience or clarity. The statutory law in force at the time of the death of the testator (June, 1948) was contained in the 1939 Code, as amended up to that time; and the law as then in force is controlling in this case as to the rights of heirs or distributees and of devisees and legatees. *Rowe v. Cullen,* 177 Md. 357, 9 A. 2d 585. There were no changes, other than in the numbering of sections in Article 93, in any of the Code provisions here deemed pertinent between 1948 and 1951.

The will left no interest in realty and only a nominal sum in money to the appellant. Under these circumstances she was not required to file a renunciation of the will and an election to take either dower and her legal share of the personal estate or her legal share of both the real and personal estate in order to avoid the bar of such rights under Code (1951), Article 93, Section 325 (1939, Section 314). Code (1951), Article 93, Sections 328 and 329 (1939, Sections 317 and 318); *Marriott v. Marriott,* 175 Md. 567, 3 A. 2d 493; *Harrison v. Prentice,* 183 Md. 474, 38 A. 2d 101; *Hokamp v. Hagaman,* 36 Md. 511; *Malkus v. Richardson,* 124 Md. 224, 92 A. 474 (as to a bequest of nominal amount).

To say that the widow was not required to renounce does, however, not dispose of the case. Rather, it brings us up to the real question which it presented. This question may be stated as follows: May a widow successfully assert a claim for dower in real estate owned by her husband during coverture, but conveyed by him to others without her joining in the conveyance, where: (1) the widow was not required to file, and did not file, a renunciation and election to take dower (or other rights) under Section 325 of Article 93 of the 1951 Code; (2) she did not file an election to take dower (and other rights) under Section 4 of Article 46 of the 1951 Code; (3) the time for filing such an election under either of those Sections had expired before the institution of her suit; and (4) there is no charge against the persons who now own the property of any fraud or collusion in seeking to defeat the widow's rights.

It would be rather easy to expand this opinion greatly by a full review of the history of the law and of the statutory changes therein relating to the rights of a widow in the estate of her husband; but we shall endeavor to go into history to only a limited extent.

In *Griffith v. Griffith's Executor,* 4 H. & McH. 79, which was decided in 1798, but which arose before the great codification of the testamentary law made by Chapter 101 of the Acts of 1798, the widow's common law right

to an interest in her husband's personal estate (in that case, where there were surviving children of the testator, one-third) was recognized. There was a devise of an interest in a part of the testator's realty upon conditions, one of which was that she assert no claim for thirds in other realty. She appears to have accepted the devise in lieu of dower, and did not renounce the will. Her right to thirds in the personal property was the only question litigated and was decided in her favor.

Section 1 of sub-chapter 13 of Chapter 101 of the Acts of 1798 remains unchanged in terms as Section 324 of Article 93 of the 1951 Code and reads as follows:

"Every devise of land or any estate therein, or bequest of personal estate to the wife of the testator shall be construed to be intended in bar of her dower in lands or share of the personal estate, respectively, unless it be otherwise expressed in the will."

Section 2 provided that the widow should "be barred of her right of dower in land, or share of the personal estate, by any such devise or bequest," unless she filed a renunciation and election to take dower or her legal share of the estate of her husband. It also provided that by renunciation the widow should be entitled to one-third "and no more" of her husband's net personal estate. Except for an amendment made by Chapter 315 of the Acts of 1831, which extended the time for renunciation and election from ninety days to six months after probate of the will, this Section was not amended in terms until 1922, thought it was amended in scope by Chapter 331 of the Acts of 1898, referred to below.

In *Coomes v. Clements* (1819), 4 H. & J. 480, the widow renounced the will which contained a devise of realty, but no bequest of personalty to her. There were no surviving descendants of the testator, and in these circumstances the widow was held entitled under the common law to one-half of the net personal estate. The case was held not to be within the "restriction" of Sec-

tion 2 of sub-chapter 13 of Chapter 101 of the Acts of 1798.

A like result was reached on *Hokamp v. Hagaman* (1872), 36 Md. 511. It was also held in the *Hokamp* case that since there was a will, the provisions of Article 93 relating to distributions in intestacy did not apply.

By Chapter 457 of the Acts of 1898, usually known as the "Married Women's Property Act" the reciprocal "dower" rights of husband and wife were provided for, and by Chapter 331, approved on the same day as Chapter 457, the rights of surviving husbands in the estates of their deceased wives under Sections 291-306 of Article 93 of the Code of 1888 (Sections 324-340 of the 1951 Code) were made the same as of widows in the estates of their deceased husbands.

In 1916, by Chapter 325 of the Acts of that year, the Legislature amended Article 46 of the Code relating to the descent of real estate. Up to that time the descent of real estate had been governed by rules which differed materially from those relating to personal property. Chapter 325 repealed a number of sections of Article 46 and enacted in lieu thereof four new sections, designated as 1-4, "thereby" (as the title stated) "assimilating the law relating to the real property of decedents more nearly to the law relating to personal property". It was carefully drawn, however, so as to preserve the right of dower (See Code (1951), Article 45, Sections 6 and 7); and dower, of course, has no counterpart in the distribution of personal property. Section 1 of Article 46 as amended in 1916 provides in general that the same persons shall take realty by descent from an intestate as the persons entitled to take personal property from him as distributees, and that they shall take in the same proportions. Section 2 deals specifically with the surviving husband or wife of an intestate and provides that he or she shall take as an heir the same share of realty as of personalty of the intestate decedent spouse. The amendment of 1918, Chapter 273, Section 2, Laws of that year, added a provision which makes the surviving

spouse a tenant in common with other heirs and which dispenses with the need for his or her consent to a sale of the realty under a decree in equity unless the surviving spouse elects to take dower as provided for in Section 4. Section 3 provides that the surviving spouse shall take as an heir the same share of realty as of personalty of the decedent spouse, though such deceased spouse die testate; but such shares shall be subject to be barred by provisions in the will in his or her favor in the same manner and to the same extent as dower may be barred by the acceptance of such testamentary provisions; and Section 3 requires that an "election not to accept said provisions shall be made in the same manner and within the same time as is so provided." Section 3 closes with a paragraph stating that nothing contained in that section "shall be taken as giving a husband or wife any right of conveying, by deed *inter vivos,* his or her real estate free of any right of dower of any husband or wife therein, without the joinder of said husband or wife."

Section 3 neither enlarges nor diminishes the right of a husband or wife to convey his or her realty without the joinder of the other. Either may make such a conveyance during coverture, though the purchaser in such event may have to assume the risk of a subsequent claim for dower. *Trotter v. Lewis,* 185 Md. 528, 45 A. 2d 329; *Columbian Carbon Co. v. Knight,* 207 Md. 203, 114 A. 2d 28.

Section 4, which is one of the Sections directly involved in this case, reads as follows:

"The Act of 1916, Chapter 325, shall not be construed as abolishing the estates known as the dower of a widow and the dower of a surviving husband, but any party entitled to such right of dower shall be presumed to have waived and surrendered the same, and to have accepted the provisions of the Act, unless within the period of six months after the death of the spouse by virtue of whose ownership such right

of dower attached, such surviving wife or husband shall file with the Orphans' Court or Register of Wills for the county or counties where such real estate is situate, a signed written election to take the dower to which she or he is so entitled by virtue of such inchoate right; in which case such surviving wife or husband shall be entitled to dower, but shall be considered to have renounced any other right in the real estate in Maryland of the deceased spouse in favor of the other heirs, to whom the same shall pass."

Sections 1 and 2 of Article 46 in practical effect incorporate by reference the provisions of Article 93 relating to the distribution of personal property of intestates. Section 3 adopts as its measure of the share of the real and personal property of a decedent spouse dying testate to which the surviving spouse may be entitled, the share of personal property of such a decedent spouse to which the surviving spouse would be entitled. In 1916 this share was not specified by statute; and in *Harris v. Harris*, 139 Md. 187, 114 A. 909, it was held that the statutes providing for the distribution of personal property upon intestacy had no application where there was a will. This was followed in *Marriott v. Marriott*, 175 Md. 567, 3 A. 2d 493. *Hokamp v. Hagaman, supra,* had so held in 1819.

The question arose in *Key v. Key,* 134 Md. 418, 106 A. 744, which was the first case involving Chapter 325 of the Acts of 1916 to come before this Court, as to exactly what interest in the real estate of her husband who died testate leaving surviving children, the widow took under that Act—specifically whether she was entitled "as an heir to one-third of the real estate in fee simple belonging to her husband at the date of his death or * * * [to] a life estate only in one-third thereof." In that case the will left nothing to the wife (though the testator referred to her rights), and she was accordingly under no necessity to file a renunciation and election. The

Court held that she was entitled to one-third in fee and, in reaching this conclusion, pointed out that it was "conceded that the widow did not elect to take dower as provided in section 4 of the Act," thus at least by strong implication, if not expressly, recognizing that section 4 of Article 46 was applicable in cases where the decedent spouse died testate.

In the *Key* case the Act of 1916 was attacked on the ground that its title was defective under Section 29 of Article 3 of the Constitution and because it was alleged to invade vested rights. Its constitutionality was upheld against both of these contentions. The title described the Act in usual form as repealing certain specified sections of Article 46 of the Code and enacting four new sections in lieu thereof, and concluded with this clause describing its purpose and effect: "thereby assimilating the law relating to the real property of decedents more nearly to the law relating to personal property." Insofar as the title was concerned, the decision would seem necessarily to have upheld the statute as dealing not only with cases involving intestacy but also with cases where decedent spouses died testate, and also with the election of dower.

Chapter 325 of the Acts of 1916 next came before this Court in *Wilson v. Jarrell* (1921), 137 Md. 558, 112 A. 921, in which the widow filed a renunciation and an election to take the legal share to which she was entitled under the 1916 Act. At the time when that case arose and when it was decided (as was also true in the *Key* case), Section 325 (then 302) of Article 93 had not been amended so as to contain an express provision for electing a legal share of real estate, as distinguished from an election to take dower. The election of the "legal share" was upheld, but no question as to dower rights was involved.

In *Pearre v. Grossnickle*, 139 Md. 1, 114 A. 725, the Court took the same view of the effect of Sections 3 and 4 of Article 46 as in *Key v. Key, supra.* It was there said (at 139 Md. 9) that "Mr. Grossnickle [the testator]

devised no part of his real estate to his wife, and consequently her legal rights therein were not affected by his will. *Thomas v. Wood,* 1 Md. Ch. 296; *Durham v. Rhodes,* 23 Md. 233. And as she did not elect to take her dower under Section 4 of Article 46 * * * of the Code of Public General Laws, she is entitled under the provisions of Section 3 of Article 46 of the said Code to one-third of her deceased husband's real estate."

In *Derlin v. Derlin,* 142 Md. 352, 121 A. 27, the testator died in 1921 leaving a will executed long before the passage of Chapter 325 of the Acts of 1916. Its third clause stated that the testator recognized the legal rights of his wife to dower and thirds and that the disposition of his estate was to be "subject to her said dower and thirds and such other legal rights as she might have had * * * [he] died intestate." Some question arose as to the interest to which the widow was entitled in the real estate of the testator—whether it was one-tenth in lieu of dower (as determined under a court rule) or one-third in fee under Chapter 325 of the Acts of 1916. This Court said that "The case of *Key v. Key,* 134 Md. 418, seems to be a sufficient authority on the construction of that act, if any be necessary, to dispose of the question, taken in connection with clause 3 of the will quoted above, and * * * [the widow] was entitled to one-third of the real estate of which her husband died seized."

In *Second National Bank, et al., Executors v. Second National Bank, et al., Trustees,* 171 Md. 547, 190 A. 215, the widow renounced her husband's will and elected to take under the law. This Court considered the effect of Sections 1-4 of Article 46 and said that "out of the real estate, she will take as an heir a one undivided one-third interest in accordance with sections 1, 2 and 3, Article 46, and section 126, Article 93, of the Code, unless she elected within six months of her husband's death to take the common law dower. Code, Article 46, sec. 4." Because of the omission from the record of a copy of the renunciation or election the Court could not "say definitely what

interest she takes in the real estate of the decedent in this State."

In *Trotter v. Lewis*, 185 Md. 528, 45 A. 2d 329, already referred to, suit was brought by the purchaser against the seller and the wife of the seller for the specific performance of a contract for the sale of real estate. The seller's wife demurred on the ground that she had not signed the contract and her demurrer was sustained, but the suit went forward against the husband alone, and he sought to attack his own contract on the ground that because his wife had not signed it the land could not be conveyed free of her rights. Specific performance was decreed and this Court affirmed the decree. Since the husband and wife were both living, her rights had to be considered in the light of the possibility that the husband might predecease her either with or without leaving a will and that, if he did leave a will, its terms might or might not be such as to put the wife (if she became a widow) to the necessity under Section 325 of Article 93 of filing a renunciation and an election to take either dower or a legal share of the real estate. On this phase of the case the Court, in an opinion by Judge Delaplaine, said:

"Appellant insists that, under the Maryland Inheritance Law, the decree in this case may have the effect of eventually forcing his wife, if she outlives him, either to renounce her dower in the property in question or else be satisfied to take only the dower in all real estate which he may own at the time of his death. Our statute provides that a widow shall take as heir the same share or proportion in any lands in Maryland belonging to the deceased husband that she takes as distributee in his personal property. The statute does not abolish the estate known as dower, but any widow shall be presumed to have waived and surrendered the right of dower, and to have accepted the provisions of the statute, unless within the period of six months after the death of her husband she shall

file an election to take the dower to which she is entitled, in which case she shall be considered to have renounced any other right in her husband's lands in this State. Acts of 1916, Ch. 325; Code 1939, Art. 46, Secs. 2, 3, 4; *Pearre v. Grossnickle,* 139 Md. 1, 114 A. 725. * * * The widow's right to elect is given by statute, and if she elects not to take dower she then has only a distributive share in the property owned by her husband at the time of his death. If her husband has conveyed any of his property without her signature, she can, if she chooses, take her dower in that property, but the statute gives her no distributive right in it, and she must make her choice to take her dower in all his property, including that conveyed without her signature, or take only her distributive share in that property of which he died seized and possessed. That is, her election given by the statute, and she has no election other than the statutory one."

In *Pulaski v. Riland,* 199 Md. 426, 86 A. 2d 907, there was a separation agreement by which the parties stated that they had determined to settle (*inter alia*) their property rights and agreed that each waived his or her dower rights against the other. It was held that "dower" was to be given its common law meaning.

After pointing out that by Sections 2 and 3 of Article 46 a surviving husband or wife has the same rights in real estate as he or she would have had in personal property, and that Section 4 provides that the estate of dower is not abolished, but that the rights of dower are presumed to be waived and the provisions of the Act accepted unless a written election of dower is filed within six months after the death of the other spouse, the Court said: "Common law dower, therefore, now exists in Maryland but not as an absolute right. It must be elected, and it is separate and distinct, and directly opposite to the statutory right of inheritance." *Trotter v.*

*Lewis, supra,* is cited in support of this statement.

In the light of the authorities above referred to, it seems clear that Section 4 of Article 46 can and does apply in cases of testacy as well as of intestacy of decedent spouses.

Of course, in a case to which Section 325 of Article 93 is applicable, dower can be claimed by the filing of a renunciation and an election to take dower. The time for doing so is longer than that allowed for electing dower under Section 4 of Article 46, but the two Sections should be construed as complementary rather than conflicting, since one applies where the other does not. There is an obvious reason for allowing a longer time for making an election where the surviving spouse has to decide whether or not to renounce, since it may not be possible to determine which course of action is more to his or her benefit until claims against the estate are known; and Section 326 of Article 93 permits the Orphans' Court to extend the time upon a petition filed before the expiration of the period allowed for renunciation showing reasonable cause therefor. It appears to be much too late for these provisions to aid the appellant in this case.

We may note in passing that amendments to those provisions of Article 93 dealing with a surviving spouse taking under or in opposition to the will of the deceased spouse have not been closely correlated in point of time to changes made in Article 46 by Chapter 325 of the Acts of 1916. Indeed, no amendment to those provisions of Article 93 which appears in any way attributable to the 1916 Act was made until 1922, and others which may involve the application or effect of the 1916 Act have been made somewhat sporadically. Two of them were made by Chapters 498 and 499 of the Acts of 1939.

It was settled long before 1939 that the share to which a widow was entitled in the personsal property of her deceased husband if he died testate and if (after 1798) she was not required under Section 2 of sub-chapter 13

of Chapter 101 of the Acts of 1798 to file a renunciation and election, was one-third if the testator left any surviving descendant and one-half if he left none. (See *Griffith v. Griffith's Executor, Coomes v. Clements* and *Hokamp v. Hagaman*, all cited above.) Prior to 1916 there was no statutory provision giving the widow a right to any interest in his real estate other than dower; and prior to 1939 there was no provision in Article 93 expressly stating the share of real estate (or personal estate either) which the widow should take if she were not required to renounce, and did not renounce, the will.

From 1916 to 1939, by virtue of Section 3 of Article 46, it would seem that the share of real estate to which a widow who was not obliged to renounce and elect was entitled in the estate of her husband, if he died testate, was one-third or one-half, depending upon the existence or non-existence of descendants, since this was the share of the personal property to which she was entitled. For purposes of this case we may accept this as correct, though in *Marriott v. Marriott, supra,* the Court found it unnecessary to decide the point because the result was then precisely the same whether the widow's rights were controlled by the common law or by the renunciation statute, (Section 302 (now 325) of Article 93 as it then stood). In finding that identity of result the Court referred to Section 4 of Article 46.

Since the decision of the *Marriott* case, Chapter 498 of the Acts of 1939 has undertaken to spell out by an amendment of Section 329 of Article 93 (Section 314 in the 1924 Code, 318 in that of 1939) the interest in realty and personalty of a deceased spouse dying testate which the surviving husband or wife is to take whether or not he or she shall actually renounce the will if in effect nothing is left to him or to her. Section 329 still includes in the first sentence the phrase, "if in effect nothing shall pass by such *devise.*" (Emphasis supplied.) Some question might be raised as to whether this pharse was broad enough to cover a bequest. A

comparison with the language of Section 328 to which "such devise" evidently refers, the construction apparently accepted by this Court in *Malkus v. Richardson, supra,* where a gift of a nominal amount of money was involved, and the title of Chapter 498 all suggest the broader meaning. Without actually deciding that question (as its decision seems unnecessary), but assuming that Section 329 applies where there is only a gift of a nominal sum of money to the surviving spouse, the appellant can derive no help from this Section, since it expressly fixes her interest in real estate as that of an heir and by necessary implication excludes any dower right. If Section 329 is not applicable, her interest in the decedent's realty under Section 3 of Article 46 is also expressly as an heir, and not a right to dower.

It follows that in no aspect of the case is the appellant entitled to a dower interest in her husband's real estate, since she failed to take affirmative action under either Section 4 of Article 46 or under Section 325 of Article 93 within the respective times prescribed by those Sections. The order of the Circuit Court was correct and is affirmed.

*Order affirmed, with costs.*

HAMMOND, J., filed the following opinion, concurring in the result:

Mr. Justice Cardozo, in comparing unfavorably the appeal and challenge of the work of a Justice of the Supreme Court with that of a Judge of the Court of Appeals of New York, said that in the Supreme Court, many of the opinions require the interpretation of statutes, which no man can make interesting. The Chief Judge has done as much as any man could in this respect. I think, however, that as a result some of the holding of the opinion or at least its implication is unnecessary and may be harmful.

The result reached by the majority is compelled by the language of Code, 1951, Art. 93, Sec. 329, which

says that if nothing passes by the will of the decedent to the surviving spouse, she is not barred, whether or not she renounces, and spells out that she takes a stated share of the land as an heir—and not dower—and a stated share of the personal estate. Since it is conceded that the widow in this case did not elect or seek to elect dower, either under Art. 46, Sec. 4 or under Art. 93, Sec. 325, the case was completely controlled, as I see it, by Art. 93, Sec. 329 and nothing more need have been said.

The Court, however, says that "* * * it seems clear that Section 4 of Article 46 can and does apply in cases of testacy as well as of intestacy of decedent spouses." This conclusion is unnecessary to the decision of the case and at least to a degree is, I think, wrong. Sec. 4 of Art. 46 says that if a surviving spouse is to take dower, he or she is to file an election to that effect within six months *of the death* of the other spouse. On the other hand, Sec. 325 of Art. 93 gives a right to elect dower where the devise or bequest in the will would be a bar, within a period ending thirty days after the expiration of notice to creditors, and, in addition, under Sec. 326 of Art. 93, the time for renunciation may be extended by the court for a further period of six months. If the effect of the opinion of the Court is to say that where there is a will which leaves nothing to the surviving spouse, an election to take dower must be made within six months from the date of death, the opinion has answered a question that need not have been decided and reached what seems to me the wrong answer.

However the matter may have been between 1916 and 1924, it seems clear that after the passage of Chapter 223 of the Acts of 1924, amending then Sec. 311, now Sec. 325, of Art. 93, election to take dower, where there was a will which devised property in lieu of a dower, was and is made under Art. 93 and not under Art. 46. By Chapter 348 of the Acts of 1922, then Sec. 302, now Sec. 325, of Art. 93 was amended so that if the election were for dower and the legal share of personal estate, or

of the legal share of both real and personal estate, the surviving spouse would be entitled respectively to dower if asked for or to such legal share of real and personal estate "as she or he would have been entitled to in case of intestacy." Defects were soon apparent in the statute as passed in 1922, and in a report dated November 1, 1923 to the President of the Bar Association of Baltimore City, the Committee on the Amendment of the Law pointed out some of these as follows: "* * * Moreover, the draftsman of the act of 1922, chapter 348, in seeking to combine the election between (1) the benefits conferred by the will, and (2) the legal share of dower or thirds, with the new election provided for by the act of 1916, chapter 325 (article 46, sections 1 to 4 of the Annotated Code), seems to have overlooked the fact that the last-named election, i. e. between (1) dower, and (2) the new, statutory, absolute share in real estate, may have to be made where there is no will." Miller, *Construction of Wills*, p. 844, Note 1. In other words, it might have been necessary under the Acts of 1922 for election to have been made under both Art. 46 and Art. 93. As a result of the Committee's recommendation, the Legislature passed Chapter 223 of the Acts of 1924, which spelled out, as Sec. 325 now does, what share the renouncing spouse took in both real and personal property; clearly only one election was and is necessary and that under Art. 93.

There seems no valid reason, particularly since it is not necessary to the decision of the case, to say that if a spouse is, in effect, left something by will, although an insubstantial amount, he or she nevertheless may have a year or more to elect dower under Art. 93, whereas, if he or she is left a nominal amount, or nothing, election must be made within six months of death.